IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | § | **CASE NO.** |
| | § | |
| Plaintiff, | § | |
| | § | **JUDGE** |
| v. | § | |
| | § | |
| **THE DOW CHEMICAL COMPANY,** | § | |
| **BP LUBRICANTS USA, INC.** | § | |
| **AND JOHN DOES 1-25,** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, Jeffrey Harris, by and through his undersigned attorneys, and alleges as follows:

1. Plaintiff is Jeffrey Harris, who resides in Huntersville, North Carolina, and who is a resident and domiciliary of the State of North Carolina.

2. Defendant is The Dow Chemical Company, hereinafter ("Dow"), a corporation domiciled in the State of Michigan, subject to the in personam jurisdiction of the state of Maryland. Dow may be served through its registered agent for service of process, The Corporation Trust, Inc., 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264.

3. Defendant is BP Lubricants USA, Inc., d/b/a "Castrol", a corporation domiciled in the state of New Jersey and Delaware, and which is registered to do business and does conduct business in the state of Maryland. BP Lubricants USA, Inc. may be served with process through its registered agent The Corporation Trust Inc., 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264. Defendant BP Lubricants USA, Inc. is the successor in liability to Castrol Heavy Duty Lubricants, Inc., and Castrol North America, Inc., and is sued for

their tortious conduct, acts, and omissions which caused or contributed to cause the plaintiff's damages complained of herein. Defendant Castrol and Defendant Dow will hereinafter referred to collectively as "Defendants".

## VENUE & JURISDICTION

4.  The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

5.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

6.  From 1991 to 1995, Plaintiff, Jeffrey Harris worked as an operations manager for Advanced Development & Assembly Corporation ("ADA"), located at Plum Drive, Silver Springs, Maryland. ADA manufactured semi-conductors, or microchips, the process for which necessitated cleaning of the product by use of a "vacuum degreaser".

7.  In the course and scope of his employment, Plaintiff Jeffrey Harris was required to use a vapor degreaser device, and also to work in and around said device. Said vapor degreaser utilized hazardous chemicals including benzene, toluene, trichloroethylene, and trichloroethane, and other dangerous and carcinogenic hydrocarbon-based substances and chemicals to produce and clean the products which his employer manufactured. Upon information and belief, the vapor degreaser cleaned the solder on the microchips using said hazardous chemicals. Upon information and belief, these chemicals and substances were used in other functions in and around the ADA production areas where Plaintiff worked.

8.  The aforesaid hazardous chemicals released vapors, fumes and chemicals into the air in and around plaintiff's workspace, and into the manufacturing facility generally. These

harmful vapors, fumes, and chemicals were released into the area(s) where Plaintiff work, and he was exposed through dermal contact and breathing contact of the airborne chemicals.

9. Said releases of vapors, fumes and chemicals exposed plaintiff to harmful cancer-causing chemicals including benzene, toluene, trichloroethylene, and trichloroethane. The Defendants did not provide Mr. Harris with personal protective equipment, or proper or adequate warnings as to the danger and cancer-causing propensity of exposure to the aforesaid chemicals listed in paragraph seven (7) above.

10. Said hazardous chemicals are known human carcinogens, for which exposure to them potentially may cause and contribute to cause hematopoietic disease, which may be latent in the human body for years after exposure without signs or symptoms.

11. These substances complained of in paragraph seven (7) herein, and throughout this Complaint were manufactured, sold, and supplied to ADA by the defendants Dow, and Castrol during all relevant periods of Plaintiff's employment there.

12. On or about May 15, 2017, Plaintiff Jeffrey Harris was diagnosed with multiple myeloma, a blood-borne disease which may be caused by exposure to dangerous chemicals such as benzene, toluene, trichloroethylene, and trichloroethane.

## COUNT I:  BREACH OF WARRANTY

13. Plaintiff incorporates the above allegations of paragraphs 1- 12 as if set forth herein *in extenso*.

14. The chemicals that the named defendants herein and defendants Does 1-25 manufactured, or alternatively marketed, distributed, and/or sold, which chemicals exposed the plaintiff to harmful chemicals; and, these chemicals caused his cancer, via exposure in the manufacture of his workplace printed circuit boards.

15.     Alternatively, the chemicals were used in the processes associated with making electrical parts and printed circuit boards, and these chemical products were defective in design and had marketing defects as follows:

a.  Defendants failed to warn of their cancer-causing harmful propensities and potential to damage blood cells and bone marrow of the body, presenting the risk of developing multiple myeloma.

b.  Defendants failed to instruct purchasers and users of how to protect themselves against the risk of developing cancer from the use of the products.

c.  Defendants failed to warn of the need to wear respiratory protection and dermal protection against contact for the chemicals, and he failed to warn of their cancer-causing attributes.

d.  Defendant failed to test their products to identify and eliminate the dangers they present to workers and consumers as unreasonably dangerous products.

e.  Defendants sold, manufactured and/or distributed products that were unreasonably dangerous as that term is used in product liability law, and the risk of harm outweighs the utility of the product.

f.  Defendants violated the product liability and tort laws of this state, including the Restatement of Torts 2nd, § 402A.

g.  Defendants sold, distributed, manufactured, or, alternatively, marketed the products in an unreasonably dangerous condition at the time of sale or distribution, and /or with marketing defects, proximately causing the injuries and damages to Plaintiff.

## COUNT II:  STRICT PRODUCTS LIABILITY

16.     Plaintiff incorporates the above allegations 1-16 as if set forth herein *in extenso*.

17.     Defendants' negligence and fault were substantial factors in causing his multiple myeloma and related illnesses, rendering defendants liable for the damages and injuries that resulted from this conduct.

18.     Plaintiff's job required him to breathe the chemicals made by defendants and he was not warned or instructed by the defendants of the need for special handling and precautions

from exposure to avoid injury, including the need to be protected from breathing and touching the chemicals.

19. Plaintiff was unaware of the risk of personal injury or death caused by working with the defendants' products or of the hazards that they created under his working conditions, which harm was foreseeable to the defendants.

20. Defendants are strictly liable for the following breaches of duty, or violations of product liability laws:

    a. Defendants had a duty to exercise a reasonable standard of care in the manufacture, design, and marketing of the product, requiring them to issue proper instructions for the use of the product, and to warn of the dangers of their product's use;

    b. To have inspected and tested the product for safe usage;

    c. To notify plaintiff and the public to the nature and extent of the dangers that the product posed and the protection needed to avoid from this danger and to recommend medical monitoring of the health of users of the product;

    d. The corporate Defendants failed to exercise the care required in this state under negligence and product liability standards and laws, and failed to warn and instruct buyers and users relative and other safety measures necessary for the workers' safety;

    e. Defendants' instructions, warnings, packaging, and labels were designed defectively;

    f. Defendants' defective product and fault, was a cause-in-fact, and/or producing cause of the Plaintiff's injuries and damages;

    g. Defendants' substandard conduct, and/or fault under products liability laws were the legal cause of the Plaintiff's injuries, and actual damages;

    h. Defendant's products were unreasonably dangerous when made, marketed, and sold; and, they were defective when they left the defendants' control, and their defective condition was the proximate cause of Plaintiff's injuries.

21. As a result of Defendants' negligence and, in the alternative, strict liability fault, creates liability in favor of plaintiff under strict liability laws, making them liable to plaintiff for

causing his cancer and related illnesses and his past, present, and future damages for which Plaintiff sues the Defendants:

    a.    Developing cancer, with associated loss of enjoyment of life, with and associated mental anguish and fear of dying from the results of cancer;

    b.    Past, and future medical, pharmaceutical, physician, and hospital expenses;

    c.    Past, present and future mental anguish, and physical pain and suffering, and physical and mental impairments and complications;

    d.    Lost wages and benefits in the past, and a severe diminution of earning capacity, and lost wages/benefits for the remainder of Plaintiff's life;

    e.    Permanent physical disabilities and loss of physical function associated with his exposure to Defendant's products.

    f.    Travel and other medically related expenses for medical treatment and care.

22.    The corporate defendants knew of the risks of harm and acted as if they did not care if persons, including Plaintiff, became ill with cancer, and showed a conscious indifference to the health and welfare of the people working with the manufacturer's products; and, therefore, plaintiff sues each corporate defendant for punitive damages, for their willful and wanton disregard for the safety and welfare of plaintiff and his co-workers.

## COUNT III:  NEGLIGENCE

22.    The Plaintiff adopts and incorporates herein by reference all of the facts and matters alleged in paragraphs 1-21, and further states:

    a.    Defendants supplied, distributed, marketed, and sold to Plaintiff's employer ADA Corporation harmful and cancer-causing substances complained of herein.

    b.    Defendants knew, or should have known, that the chemicals posed a risk of harm that persons such as Plaintiff would be exposed and thereby harmed as a result of such exposures.

    c.    Defendants breached their duty to exercise reasonable care in the supply, distribution, and marketing, of their harmful and hazardous chemicals.

  d.  Defendants breached their duty to warn or notify the plaintiff that these chemicals were potentially hazardous and that exposure may cause cancer.

  e.  Defendants breached their duties by their negligent, reckless, and intentional, malfeasance in the management, sale, supply, distribution, and marketing of the chemicals to Plaintiff's employer.

  f.  Defendant's negligent, reckless, and intentional conduct has resulted in the harmful exposure to plaintiff of their cancer-causing products, and in causing or contributing to cause Plaintiff's hematopoietic disease.

  g.  Defendant's negligence was a direct and proximate cause of the Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jeffrey Harris comes now and prays that after each of the defendants are made to appear and answer and due proceedings had, the defendants, and each of them, be cast in judgment in excess of $75,000, for punitive damages to the fullest extent of the law, and sues each of the defendants and prays they be held liable jointly and severally for the injuries, damages, punitive damages, and costs of these proceedings, as suffered by plaintiff, together with pre-judgment and post-judgment interest as allowed.

For all general and equitable relief, costs of suit; and for such other and further relief as the court deems just and proper.

TRIAL BY JURY DEMANDED

                Respectfully submitted,

                Morgan & Paul, PLLC

                <u>/s/ Gregory G. Paul</u>
                GREGORY G. PAUL
                MD ID Number:  26208
                100 First Avenue, Suite 1010
                Pittsburgh, PA 15222
                (412) 259-8375 (telephone)
                (888) 822-9421 (facsimile)
                gregpaul@morgan-paul.com

*OF COUNSEL:*

S. Reed Morgan
The Carlson Law Firm
Texas State Bar No. 14452300
100 E. Central Texas Expy
Killeen, Texas 76541
(254) 526-5688
rmorgan@carlsonattorneys.com
Attorney for the Plaintiff
*(Pro hac vice pending)*

Attorney for Plaintiff

Dated:  April 17, 2020