IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No. 8:20-cv-00988-GJH** |
| **THE DOW CHEMICAL COMPANY,** | * | |
| *et al.*, | | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiff asks the Court to modify the scheduling order, as authorized by Federal Rule of Civil Procedure 16(b)(4).

### A. INTRODUCTION

1. Plaintiff is Jeffrey Harris; defendants are The Dow Chemical Company, and BP Lubricants USA, Inc.

2. Plaintiff sued defendants for exposure to chemicals pursuant to his work with ADA Corporation in Silver Springs, Maryland in the early to mid-1990s.

3. On December 23, 2020, the Court entered a scheduling order. See Ecf. No. 31.

4. Plaintiff asks the Court to modify the scheduling order to extend the disclosure deadline for the parties' expert disclosures under Federal Rule of Civil Procedure 26(a)(2).

### B. ARGUMENT

5. A court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

6. There is good cause to modify the current scheduling order. Currently, the deadline for Plaintiff's Rule 26(a)(2) disclosures is set for February 22, 2021. However, the overall discovery deadline set forth in the Order is not until May 7, 2021. Because this case is one in which complex details of fact and science regarding the general causation of Plaintiff's multiple myeloma by the defendants' products, as well as the specific mechanisms of the causation of his particular case will expert opinion, the timing of the disclosure of expert opinions would be best suited for a period after which both Plaintiff's and Defendants' experts have the full benefit of the fact discovery period.

7. While discovery in this case commenced on December 23, 2020, Defendants' responses to Plaintiff's First Request for Production is not yet due. As well, there is yet to be taken depositions of fact witnesses including the plaintiff and co-workers. Whereas pertinent testimony as to the operations at Plaintiff's employer and the conduct of the work that took place there, and the particulars regarding the use of hazardous chemicals is useful for experts to opine in this matter, the early date of February 22, 2021 would be a hardship in this case. The scheduling of depositions has not yet taken place, and with the current state of the COVID-19 emergency, could be delayed if it becomes necessary for the parties or deponents to travel for depositions. This would also be the case even if deponents had to travel locally to appear before a stenographer. Accordingly, Plaintiff proposes an expert disclosure deadline contemporaneous with the close of fact discovery.

8. Defendants will not be prejudiced by the proposed modification of the scheduling order. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## C. CONCLUSION

9. Because there is good cause for the Court to modify the scheduling order. For these reasons, Plaintiff asks the Court to modify the scheduling order as set forth in Plaintiff's Proposed Order.

            Respectfully submitted,

            */s/ Gregory Paul*
            Gregory G. Paul (Bar No. 26208)
            MORGAN & PAUL, PLLC
            100 First Avenue, Suite 1010
            Pittsburgh, PA 15222
            (t)  412.259.8375
            (f)  888.822.9421
            gregpaul@morgan-paul.com

            */s/ Alexander McSwain*
            Alexander McSwain (pro hac vice)
            THE CARLSON LAW FIRM, P.C.
            100 E. Central Texas Expy
            (t)  254.526.5688
            (f)  254.526.2325
            amcswain@caqrlsonattorneys.com

            *Attorney for Plaintiff Jeffrey Harris*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 6th day of January, 2021, the foregoing paper was served via CM/ECF on all counsel of record.

          */s/ Alexander McSwain*
          Alexander McSwain

3

## **CERTIFICATE OF CONFERENCE**

I HEREBY CERTIFY that, on this 6th day of January, 2021, that I undertook to confer with counsel for the defendants and they averred that they were opposed to the relief sought herein.

>*/s/ Alexander McSwain*
>Alexander McSwain