## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 8:20-cv-00988-DKC** |
| **THE DOW CHEMICAL COMPANY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## THE DOW CHEMICAL COMPANY'S OPPOSITION TO
## PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Defendant The Dow Chemical Company ("TDCC"), by its undersigned attorney, opposes Plaintiff's Motion to Modify Scheduling Order (ECF No. 37 ("Motion" or "Mot.")) for the following reasons:

1.      "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd by unpublished opinion*, 129 F.3d 116 (4th Cir. 1997) (Table)).

2.      Plaintiff's Motion does not attempt to meet this standard. Indeed, it cannot. There are, moreover, several good reasons not to grant the requested relief.

3.      Plaintiff insists that issues of causation are significant, and require the development of fact discovery before experts may opine on those issues. Mot. ¶ 6. While

causation may in fact become an important issue, what Plaintiff neglects to state is that another issue – product identification – is at least as important.

4.  TDCC still does not know which of its products, if any, Plaintiff claims he was exposed to. This is not because TDCC has not asked; both TDCC and Co-Defendant BP Lubricants USA Inc. ("BP") have asked, repeatedly. Each time Plaintiff has demurred. His silence is curious to say the least.

5.  Identification of the offending product(s) is a *conditio sine qua non* of a product-liability claim under Maryland law. That is, the plaintiff must prove that a specific defect in a specific product made by the defendant caused his injury. *Jensen v. American Motors Corp*., 50 Md. App. 226, 234 (1981)  ("Regardless of the recovery theory, the plaintiff in product litigation must satisfy three basics from an evidentiary standpoint: 1) the existence of a defect; 2) the attribution of the defect to the seller; and 3) a causal relation between the defect and the injury."). Thus, before reaching causation, the parties and the Court must know the product(s) at issue. Without this information, which a plaintiff should know before filing suit, a case cannot survive.

6.  Five days ago, the Defendants served written discovery intended to get answers to this and related questions under oath. Those answers are due on February 5, 2021, well before either side will have to prepare expert disclosures. Of course, the Plaintiff, whose expert disclosures are not due until February 22, ECF No. 31 at 2, presumably should have known the allegedly offending product(s) all along.

7.  Turning back to the issue of causation, Plaintiff filed this action in this Court on April 17, 2020, two years and eleven months after he allegedly learned of his multiple myeloma. ECF No. 1 ¶ 12. As of the filing of his Motion, Plaintiff had nearly four years to develop his case, including causation. Right now, Plaintiff holds all the cards, tight against his chest.

Plaintiff's Motion fails to lay on the table a single reason for the Court to conclude that, with diligence, he cannot meet the current expert disclosure (or any other) deadline.

8.      On August 4, 2020, Plaintiff served a set of document requests that make it clear Plaintiff cannot identify a product as the cause of his alleged injury.[1] Though Plaintiff served these requests before the Court's Scheduling Order exempting this action from Rules 26 (d)(1) or 26(f), *see* ECF No. 31 at 2, the parties recently conferred and agreed that Plaintiff's requests would be deemed served on December 23, 2020, the date that the Court issued its Scheduling Order. TDCC anticipates responding to Plaintiff's document requests by January 22, 2021.

9.      Assuming that it receives meaningful responses to its written discovery requests, TDCC expects to respond to Plaintiff's expert disclosures by March 23, 2021, as ordered. ECF No. 31 at 2.

10.     The Scheduling Order in this case, ECF No. 31, is like other recent orders entered in product-liability cases in the District of Maryland.[2] The Court has had nine months to deal with pandemic-related case management issues, and undoubtedly factored them into its Scheduling Order.

11.     To the extent that Plaintiff is concerned about travel, *see* Mot. ¶ 7, with current travel restrictions in Maryland and other states, and a painfully slow rollout of COVID-19

---

[1] For instance, the first document request seeks "each document that shows you either manufactured or sold to ADA Corporation, Inc. any product containing any of [twenty] listed chemicals at anytime between 1990 and 1996, and if known set out the manufacturers' name of the product, or, where applicable the distributor's name…."

[2] Judge Bennett issued a nearly identical order one month earlier in another product-liability suit. *See Sommer v. BMW of North America, LLC*, No. 1:20-cv-03027-RDB, ECF No. 17 (Nov. 23, 2020).

vaccinations, it is doubtful that any party will (or should) be doing much traveling for depositions before the summer, after discovery in this case has ended.

12.     Plaintiff is incorrect when he asserts that the proposed modification of the Scheduling Order will not prejudice the Defendants. *See* Mot. ¶ 8. If this is an action in which Plaintiff cannot identify a product made by either Defendant, the Defendants, and this Court, are entitled to know that sooner rather than later, and avoid needless expense.

13.     Furthermore, at least three aspects of what Plaintiff proposes appear to encourage mischief such as the sandbagging of the Defendants. These include the following:

a.  While the Scheduling Order applies to Rule 26(a)(2) disclosures generally – i.e., those under both Rule 26(a)(2)(B) and Rule 26(a)(2)(C), *see* ECF No. 31 at 2 – Plaintiff's proposal is expressly limited to disclosures under Rule 26(a)(2)(B). One can envision a scenario where a plaintiff might use such a limitation to name a Rule 26(a)(2)(C) expert (such as a treating physician) either 90 days before trial or 30 days after a defendant's expert reports would be due. Fed. R. Civ. P. 26(a)(2)(D). Under the current Scheduling Order, that would not be permitted.[3]

b.  While the Court's Scheduling Order provides a deadline for rebuttal expert disclosures, ECF No. 31 at 2, Plaintiff's proposal provides no such deadline by which Plaintiff might submit a rebuttal disclosure. *See* ECF No. 37-1. Again, one can easily see this omission as an invitation to delay or sandbag the opposition.

c.  Finally, by proposing that Plaintiff's Rule 26(a)(2)(B) disclosures be due on May 7, 2021 – what Plaintiff tellingly refers to as "the overall discovery deadline," Mot. ¶ 6 –

---

[3] This does not appear to be an accident. Plaintiff's Motion twice refers to the Scheduling Order's deadline for disclosures under Rule "26(a)(2)." Mot. ¶¶ 4, 6. Yet Plaintiff's proposed order is limited to "Plaintiff's Rule 26(a)(2)(B) disclosures." ECF No. 37-1.

Plaintiff would unfairly strip Defendants of any opportunity to depose Plaintiff's

expert(s). This is confirmed by Plaintiff's proposed order, which provides no time

within which to depose experts. *See* ECF No. 37-1.[4]

14.     Based on the facts currently known, which include Plaintiff's representation that

he will have three to five fact witnesses (including himself), *see* ECF No. 34 ¶ 1, TDCC submits

that the Court's Scheduling Order is suitable and requires no modification at this time. While

there may come a time when, despite diligent efforts, the parties cannot comply with the

Scheduling Order's deadlines, we are not there yet. Accordingly, TDCC opposes the instant

Motion to Modify Scheduling Order, and asks that the Court deny the same.

15.     BP has authorized TDCC to state that it joins in this opposition.

Date:  January 11, 2021                    Respectfully submitted,




Andrew Gendron (Bar No. 5111)
andrew.gendron@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
(t)  410.525.6414
(f)  410.779.3910

*Attorney for The Dow Chemical Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of January, 2021, the foregoing paper was

served via CM/ECF on all counsel of record.

_____/s/_____
Andrew Gendron

---

[4] The current Scheduling Order allows the parties *at least* a month to depose experts before the
May 7 "overall" discovery deadline. ECF No. 31 at 2.