# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEFFREY HARRIS,                    &ast;

      Plaintiff,             &ast;

v.                                 &ast;     Case No. 8:20-cv-00988-DKC

THE DOW CHEMICAL COMPANY,          &ast;
*et al.*,

      Defendants.            &ast;

&ast;

&ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;   &ast;

## THE DOW CHEMICAL COMPANY'S LOCAL RULE 104.7
## <u>CERTIFICATE IN SUPPORT OF MOTION TO COMPEL</u>

I, Andrew Gendron, attorney for The Dow Chemical Company ("TDCC"), hereby certify under Local Rule 104.7 as follows:

1.     TDCC served its Interrogatories and Request for Production of Documents on January 6, 2021.

2.     Plaintiff served his responses on February 12, 2021.

3.     Attached hereto as **Exhibit 1** is TDCC's Motion to Compel, served on March 2, 2021.

4.     Attached hereto as **Exhibit 2** is Plaintiff's Response and Opposition to Defendant's Motion to Compel, served on March 16, 2021.

5.     Attached hereto as **Exhibit 3** is Plaintiff's (supplemental) Answers to First Set of Interrogatories from The Dow Chemical Company, also served on March 16, 2021.

6.     Attached hereto as **Exhibit 4** is the Reply Memorandum in Support of [TDCC's] Motion to Compel, served on March 25, 2021.

7.      On Thursday, April 1, 2021, undersigned counsel for TDCC attempted to conduct a discovery conference with Plaintiff's counsel.

8.      This was the only conference between TDCC and Plaintiff concerning TDCC's Motion to Compel. Plaintiff's counsel twice requested postponement of a conference that had been scheduled for Friday, March 5, 2021, and in the second request for postponement stated in relevant part," I am preparing amended discovery responses to address the issues raised in your motion, we should postpone this call until you've had a chance to review." After reviewing Plaintiff's Opposition to its Motion to Compel (Exh. 2) and Plaintiff's "amended discovery responses" (Exh. 3), TDCC elected to serve its Reply Memorandum (Exh. 4) and then discuss the parties' positions.

9.      The April 1 conference took place by telephone. Those speaking during the call included Alexander McSwain, Esq., and S. Reed Morgan, Esq., on behalf of Plaintiff Jeffrey Harris; and undersigned counsel on behalf of Defendant TDCC. Keith Kodosky, Esq., co-counsel for TDCC, and Paul A. Bradley, Esq., and Donald R Kinsley, Esq., counsel for Defendant BP Lubricants USA Inc., had also dialed in to the call.

10.     The call was scheduled to begin at approximately 1 p.m. EDT. All counsel but for Mr. Morgan were on the line at that time. Mr. McSwain asked counsel to wait for Mr. Morgan, who joined the call at approximately 1:06 p.m. EDT.

11.     Since the parties had completed their briefing of the Motion to Compel, undersigned counsel asked Plaintiff's counsel if the parties were able to reach agreement on any of the discovery requests listed as outstanding in TDCC's Reply.

12.     Mr. McSwain stated that he did not understand TDCC's position on any outstanding discovery request, and wanted to go through them one-by-one.

13.     Beginning with its Interrogatory 2, TDCC explained that an interrogatory asking Plaintiff to "[s]tate the facts concerning the matters alleged in paragraph 7 of Your Complaint" is not answered by Plaintiff's directing TDCC to his "answer to interrogatory number 3, and number 6," which ask Plaintiff to provide "facts concerning the matters alleged" in other paragraphs of the Complaint. Undersigned counsel also said that TDCC still does not know the name of the TDCC product(s) to which Plaintiff was allegedly exposed.

14.     After discussion of TDCC Interrogatory 2, Plaintiff's counsel stated that they would provide a verified supplemental answer, identified as such or as "amended," within one week's time; i.e., by April 8.

15.     Plaintiff's counsel stated that they would not withdraw Plaintiff's objection that TDCC Interrogatories 3 and 4 "call for expert opinion."[1] Mr. McSwain nevertheless said that Plaintiff would provide an amended answer to Interrogatory 3 within one week.

16.     The conference ended at approximately 1:35 p.m. EDT, without completing discussion of TDCC Interrogatory 4. After Mr. Morgan asked to have TDCC Interrogatory 4 read to him, counsel engaged in discussion. Respecting Interrogatory 4, undersigned counsel

---

[1] Interrogatory 3 asks Plaintiff to "describe the manner in which You were exposed to Chemical Products (e.g., dermal, respiratory, etc.), the frequency and duration of exposure (including whether and if so how the frequency and duration varied), and the PPE made available for and/or used by You at the time of each alleged exposure, and identify who provided the PPE to You," and provide related information.

Interrogatory 4 asks Plaintiff to "State Your cumulative exposure to each and every Chemical Product that you allege was manufactured, marketed, distributed, or sold by TDCC, and that You allege caused or contributed to Your multiple myeloma or any other illness that is the subject of this lawsuit, and specifically state the facts and methodology used to arrive at Your answer. Your answer should be in quantitative terms such as parts per million-years ("ppm-years") or any other appropriate, quantitative convention recognized by the epidemiologic/scientific community for characterizing cumulative chemical exposure. If You are unable to provide a specific figure, provide the most accurate range of calculated or estimated cumulative exposure that You are able to provide, as well as the factual and methodological basis for You arriving at that range."

asked if Plaintiff's position was that (a) TDCC was not entitled to the information sought; or (b) TDCC was not entitled to that information until Plaintiff's expert disclosures were due. Mr. Morgan broke off the discussion, stating that he had a trial starting "next week," and did not "have time to be cross-examined." Mr. Morgan said "we will do what we will do, and you will do what you will do." Undersigned counsel stated that he had the balance of the afternoon available and would stay on the line to work through the issues. Undersigned counsel then asked Mr. McSwain if he thought that further discussion would be productive. Mr. McSwain said he did not. Undersigned counsel then stated that "if we don't have an agreement on everything, we have an agreement on nothing," and asked Plaintiff's counsel if they intended to end the discussion. At this point, 1:35 pm EDT, Plaintiff's counsel left the line.

17.     At 1:47 pm EDT on Friday, April 9, Plaintiff served Second Amended Answers to TDCC's Interrogatories, which are attached hereto (along with Plaintiff's verification) as **Exhibit 5**.

18.     Based on Plaintiff's Second Amended Answers to TDCC's Interrogatories, TDCC withdraws its Motion to Compel as to Interrogatory 23. However, TDCC's Interrogatories 2-4, 6-7, 10, 12-13, 15-16, 21, and 24, as well as TDCC's Document Requests 8, 11-12, 20, 25, and 26 are still at issue.

19.     Plaintiff's failure or refusal to identify the TDCC product(s) to which he was allegedly exposed is impeding other discovery in this case. Plaintiff's deposition, currently scheduled to begin on April 20, 2021, will need to be held open pending resolution of this dispute. Furthermore, TDCC's ability to designate one or more persons to testify on its behalf in response to Plaintiff's pending notice of deposition under Rule 30(b)(6) is impeded by Plaintiff's inadequate discovery responses. Without this information, as well as full and complete discovery

of Plaintiff's medical history, TDCC's ability to select and prepare expert witnesses to testify on its behalf is also impaired. Accordingly, a prompt resolution will serve the interests of all parties and the Court.

20.     The foregoing provides an accurate account of undersigned counsel's sincere effort to resolve the instant dispute.

Date: April 12, 2021

_____/s/_____
Andrew Gendron (Bar No. 5111)
andrew.gendron@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
(t)  410.525.6414
(f)  410.779.3910

*Attorney for TDCC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 12th day of April, 2021, I caused a copy of the foregoing paper to be served via the Court's CM/ECF system on all counsel of record.

_____/s/_____
Andrew Gendron