IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:20-cv-00988-DKC |
| **THE DOW CHEMICAL COMPANY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## THE DOW CHEMICAL COMPANY'S MOTION TO COMPEL

The Dow Chemical Company ("TDCC"), by its undersigned attorney, moves to compel Plaintiff Jeffrey Harris to provide adequate discovery responses to its Interrogatories 2-7, 10, 12-13, 15-16, 19, 21, 23-24, and Document Requests 1-3, 5, 7-9, 11-14, 16-26, and 28-29, and produce related documents for the following reasons:

### I. INTERROGATORIES

INTERROGATORY NO. 2: State the facts concerning the matters alleged in paragraph 7 of Your Complaint, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 10, modified).

ANSWER: Objection, overbroad. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, see Plaintiff's answer to interrogatory number 3, and number 6. By way of further answer, Plaintiff, Jeffrey Harris, Eugene Al Cameron (though Plaintiff believes that me may possibly be deceased given his advanced age), Tim McClanahan, Edo Tenalia, Henry Nibbe.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) "Objection, overbroad" is boilerplate, and does not "state with specificity" the "grounds for objecting to [the] interrogatory …." Fed. R. Civ. P. 33(b)(4)(B). This interrogatory is based on Standard Interrogatory No. 10. As Appendix D to the Local Rules states, if a party uses form interrogatories, "the Court will likely consider

them presumptively proper and a party objecting to them will have the burden of demonstrating that they are not proper." Plaintiff doesn't even attempt to meet that burden. (2) This interrogatory does not request documents. It asks Plaintiff to identify documents, which is a proper purpose of an interrogatory. If this were not so, the Court's own form interrogatories would not include a definition of "Identify (with respect to documents): …," which TDCC's Interrogatories adopt verbatim. (3) This answer is unresponsive; it does not provide responsive information to "identify" persons with personal knowledge – i.e., "full name, present or last known address, … the present or last known place of employment [, and] business and home telephone numbers …,"[1] and it does not identify documents concerning facts stated in the answer.

INTERROGATORY NO. 3: With respect to Your allegation in paragraph 8 of Your Complaint that "harmful vapors, fumes, and chemicals were released into the area(s)s where Plaintiff worked, and he was exposed through dermal contact and breathing contact of the airborne chemicals [sic]," describe the manner in which You were exposed to Chemical Products (e.g., dermal, respiratory, etc.), the frequency and duration of exposure (including whether and if so how the frequency and duration varied), and the PPE made available for and/or used by You at the time of each alleged exposure, and identify who provided the PPE to You. If the alleged exposure(s) occurred at ADA, specify the area(s) within ADA where the alleged exposure(s) occurred for each Chemical Product, and identify all persons with personal knowledge of such exposure(s) and all documents concerning those exposure(s).

ANSWER: Objection, overbroad, and calls for expert testimony. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Plaintiff was exposed dermally and through breathing in vapors and fumes from the chemicals used in the Vapor degreaser in and around fumes. Plaintiff, when maintaining or cleaning the machine, would come into contact with the chemicals on his hands. He smelled the chemicals' solvent cleaner smell during their use in the plant. Furthermore, the chemicals would get on his hands inadvertently, despite that the Plaintiff would wear gloves, when reaching into the vat in normal operation and to clean and maintain it. Plaintiff would clean and maintain the machine by getting the sludge off of the bottom dipping into the thick part of the chemicals contained in the machine's tanks and scoop it up with a spoon-like instrument. To Plaintiff's recollection, no masks or respirators were provided, there was no training, and no safety protocols were taught or enforced. There was no warning as to developing leukemia.

---

[1] TDCC's interrogatories also incorporated the District of Maryland's form definition of "Identify (with respect to persons):…."

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request). (2) An interrogatory is not objectionable simply because it may "call[ ] for expert testimony." Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact …."). (3) The objection that an interrogatory that seeks facts concerning exposure "calls for expert testimony" is frivolous. This interrogatory seeks facts – a description of the manner of exposure, the frequency and duration of exposure, where at ADA exposure occurred, and the PPE made available for and/or used by Plaintiff, and identification of who provided PPE to the Plaintiff – not expert testimony. (4) The answer is unresponsive. It does not describe the frequency and duration of exposure. It does not state where at ADA the exposure occurred. It does not identify persons with personal knowledge and documents concerning exposure.

INTERROGATORY NO. 4: State Your cumulative exposure to each and every Chemical Product that you allege was manufactured, marketed, distributed, or sold by TDCC, and that You allege caused or contributed to Your multiple myeloma or any other illness that is the subject of this lawsuit, and specifically state the facts and methodology used to arrive at Your answer. Your answer should be in quantitative terms such as parts per million-years ("ppm-years") or any other appropriate, quantitative convention recognized by the epidemiologic/scientific community for characterizing cumulative chemical exposure. If You are unable to provide a specific figure, provide the most accurate range of calculated or estimated cumulative exposure that You are able to provide, as well as the factual and methodological basis for You arriving at that range.

ANSWER: Objection, overbroad, vague and ambiguous as to "Your cumulative exposure", "specifically state", "appropriate, quantitative convention recognized by the epidemiologic/scientific community...exposure", and calls for expert testimony. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further, partial answer, to Plaintiff's recollection, Plaintiff was regularly exposed for over 3 years during his employment with ADA Corporation.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request); Interrogatory No. 3 (re: expert testimony). (2) Plaintiff's "vague and ambiguous" objection is frivolous. Plaintiff alleges that he

"was exposed" to various chemicals or chemical compounds during his employment at Advanced Development & Assembly Corporation ("ADA"). As Plaintiff uses the word "exposure" at least six times in his Complaint, he presumably understands its meaning. The common (e.g., Merriam-Webster) definition of "cumulative" is "increasing by successive additions"; "made up of accumulated parts." "Specifically state" does not require a definition. Furthermore, while Plaintiff focuses on alternative phrasing, the second sentence of the interrogatory requests that the answer be in "quantitative terms." This too requires no explanation.

INTERROGATORY NO. 5: If you contend that either Defendant violated any statute or regulation in connection with any of the claims asserted against it in Your Complaint, identify each such statute or regulation, describe all facts and circumstances that You contend constitute a violation of each such statute or regulation, identify persons (including experts) with knowledge of those facts, and all documents concerning those facts.

ANSWER: Objection, overbroad, and calls for a legal opinion. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Plaintiff is a layman and not versed in applicable statues and regulations. Plaintiff's investigation is ongoing, and reserves the right to supplement this answer if additional information becomes known to him.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request); Interrogatory No. 3 (re: expert testimony). (2) It is improper to assert Plaintiff's being "a layman and not versed in applicable statues [sic] and regulations." He is represented by counsel who are presumably "versed in applicable statues [sic] and regulations." Theories and arguments that counsel intend to assert on their client's behalf are discoverable. (3) This answer is unresponsive; it neither disclaims nor describes any facts or circumstances that Plaintiff contends constitutes a violation of any statute or regulation, nor does it identify persons with knowledge or documents concerning violations of statutes or regulations.

INTERROGATORY NO. 6: With respect to the allegation in paragraph 11 of Your Complaint that the Chemical Products complained of in paragraph 7 of Your Complaint "were manufactured, sold, and supplied by ADA by the defendants," identify the specific type of Chemical Products to which You allege exposure that you contend were manufactured, sold, and supplied by TDCC, including in Your answer the generic name (i.e. product type) of the Chemical Product(s), the brand name(s) or trade name(s) of the Chemical Products, and a description of the container or packaging of the Chemical Products, and identifying all persons with personal knowledge of the facts stated in Your answer and all documents concerning those facts.

ANSWER: Objection, overbroad, and not proportional to the needs of the case. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Plaintiff recalls that benzene, as contained in toluene, trichloroethylene, and tricholoroethane [sic] were supplied to his employer, ADA Corporation. These were received in blue, and green and white 50 or more gallon barrels. They had labeling of their contents on the outside (e.g. "TCE"), and the The Dow Chemical Company [sic], and Castrol's names on them.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request). (2) A proportionality objection is frivolous. If the requested information concerning the products to which Plaintiff claims exposure is known to Plaintiff or his counsel, TDCC is entitled to its disclosure. (3) This answer is unresponsive. Plaintiff states that he

> recalls that benzene, as contained in toluene, trichloroethylene, and tricholoroethane [sic] *were supplied* to his employer, ADA Corporation. These *were received* in blue, and green and white 50 or more gallon barrels. They had labeling of their contents on the outside (e.g. "TCE"), and the The Dow Chemical Company [sic], and Castrol's names on them [emphasis added].

Plaintiff's use of the passive voice obfuscates who allegedly supplied product to ADA. TDCC is entitled to know whether Plaintiff asserts that TDCC supplied his employer with benzene, or with toluene, or with trichloroethylene, or with trichloroethane, separately or in combination. Moreover, the description of the product packaging leave unclear whether it was blue, or green and white, or blue, green, and white, and whether Plaintiff is stating that one or both defendants' names were on the packaging. The answer also obscures the product(s) delivered. Stating "e.g." provides an example; it does not state "the specific type of Chemical Products to which

[Plaintiff] alleges exposure …." Finally, the answer does not identify persons with personal knowledge of the facts stated in Plaintiff's answer or documents concerning the facts stated in the answer.

INTERROGATORY NO. 7: Identify by manufacturer, model number, and year of manufacture the vacuum degreasers and vapor degreaser devices (collectively, "Degreasers") to which You refer in paragraphs 6 and 7 of Your Complaint, identify all persons with personal knowledge of your operation of the Degreasers, and all documents, including operation manuals, concerning the Degreasers made available to you during your employment at ADA.

ANSWER: Objection, overbroad, and not a discrete interrogatory. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Plaintiff does not recall the make or model or year of the degreaser used at ADA Corporation. Others with knowledge of the use of, and Plaintiff's use of, the devices include Henry Nibbe, and Tim McClanahan.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request). (2) This is a "discrete" – i.e., separate, individually distinct – interrogatory. Plaintiff's objection is frivolous. (3) The answer is unresponsive. It does not identify the manufacturer of the degreaser or documents concerning facts stated in the answer.

INTERROGATORY NO. 10: State the facts concerning the matters alleged in paragraph 20 of Your Complaint, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 10, modified).

ANSWER: Objection, overbroad, vague and ambiguous. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, see answer to interrogatory nos. 3 & 6.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request). (2) This is a modified form interrogatory and therefore presumptively proper. Boilerplate objections do not overcome that presumption. (3) This answer is unresponsive. Interrogatory 3 concerns Paragraph 8 of the Complaint, and Interrogatory 6 concerns Paragraph 11 of the Complaint. This interrogatory seeks

information concerning Paragraph 20. The answer does not identify persons with personal knowledge of the facts stated in Plaintiff's answer or documents concerning the facts stated in the answer.

INTERROGATORY NO. 12: If You contend that any TDCC Chemical Product to which You were allegedly exposed was defective in design, state the facts concerning such contention, including the generic name (i.e., product type) and the brand name(s) or trade name(s) of the specific TDCC Chemical Product to which You were allegedly exposed and the specific design defect that the TDCC Chemical Product had, and identifying all persons with personal knowledge of those facts and all documents concerning those facts.

ANSWER: Objection, calls for expert opinion. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Plaintiff avers that the product was defective in design for its propensity to cause latent hematopoietic disease.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request); Interrogatory No. 3 (re: expert testimony). (2) This answer is unresponsive and conclusory; it does not name any TDCC Chemical Product to which Plaintiff was allegedly exposed, or state facts concerning Plaintiff's contention that such product(s) was defective in design, or identify persons with personal knowledge of the facts stated in Plaintiff's answer or documents concerning the facts stated in the answer.

INTERROGATORY NO. 13: If You contend that any TDCC Chemical Product to which You were allegedly exposed was defective in design, state the facts concerning the feasible alternative design that You contend should have been employed, identify all persons with personal knowledge of those facts and all documents concerning those facts.

ANSWER: Objection, calls for expert opinion. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request); (2) Interrogatory No. 3 (re: expert testimony). (3) The answer is unresponsive; it does not name any TDCC Chemical

Product to which Plaintiff was allegedly exposed, or state facts concerning the feasible alternative design that You contend should have been employed, or identify persons with personal knowledge of the facts stated in Plaintiff's answer or documents concerning the facts stated in the answer.

INTERROGATORY NO. 15: With respect to Your contention that any TDCC Chemical Product to which You were allegedly exposed was defective due to a failure to warn, state the facts concerning such contention, including the generic name (i.e., product type) and the brand name(s) or trade name(s) of the specific TDCC Chemical Product to which You were allegedly exposed and the specific warning defect that You allege the TDCC Chemical Product had, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 11, modified).

ANSWER: Objection, overbroad, compound, vague and ambiguous, and calls for expert opinion. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Defendants' products contained no warning with regard to the propensity for deadly, blood-borne illness from exposure to them.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request); Interrogatory No. 3 (re: expert testimony). (2) This answer is unresponsive; it does not <u>name</u> any TDCC Chemical Product to which Plaintiff was allegedly exposed, or state facts concerning Plaintiff's contention that such product(s) was defective due to a failure to warn and/or the specific warning defect Plaintiff alleges the TDCC Chemical Product(s) had, or identify persons with personal knowledge of the facts stated in Plaintiff's answer or documents concerning the facts stated in the answer.

INTERROGATORY NO. 16: With respect to Your contention that any TDCC Chemical Product to which You were allegedly exposed was defective due to a failure to warn, state what warning should have been given and how it should have been communicated to You.

ANSWER: Objection, overbroad, compound, vague and ambiguous, and calls for expert opinion. By way of further answer, Defendants' products should have contained a warning with regard to the propensity for deadly, blood-borne illness from exposure to them.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection and claim that the interrogatory is a document request); Interrogatory No. 3 (re: expert

testimony). (2) The "compound" and "vague and ambiguous" objections are frivolous and boilerplate. (3) This answer is unresponsive.

INTERROGATORY NO. 19: Itemize and show how You calculate any damages You claim in this action, whether economic, non-economic, punitive, or other, identify all persons with personal knowledge of Your damages and all documents concerning Your damages (STANDARD INTERROGATORY NO. 3, modified).

ANSWER: Objection, calls for expert opinion.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 3 (re: expert testimony). (2) The objection is frivolous to the extent that it would assert that asking about persons with personal knowledge of Plaintiff's damages seeks expert opinion. (3) The answer is unresponsive; it does not itemize or show how Plaintiff calculates any damages Plaintiff claims in this action, or identify persons with personal knowledge of the facts stated in Plaintiff's answer or documents concerning the facts stated in the answer.

INTERROGATORY NO. 21: Identify all health care providers and health care facilities that You have seen or visited for any reason since 1990, state why You saw or visited such health care providers and health care facilities, and identify all documents concerning such consultation, care, treatment, or other interaction. Alternatively, You may identify those health care providers and health care facilities and provide the necessary authorizations for their release of records. Toward that end, authorizations are enclosed herewith.

ANSWER: Objection, overbroad. By way of further answer, see Plaintiff's medical records.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Interrogatory No. 2 (re: overbreadth objection). (2) This interrogatory is not "overbroad." Plaintiff claims to have contracted a latent disease in 2017 as a result of employment at least twenty-two years earlier (i.e., during the years 1991 to 1995). Plaintiff's medical history from the year immediately preceding that employment to the present is relevant and discoverable. Plaintiff, however, has not produced any medical records (let alone identified any health care providers or health care facilities) predating April 19,

2017. This provides no factual baseline to assess Plaintiff's assertion that a TDCC product caused his disease process.

INTERROGATORY NO. 23: Please identify all supervisors or co-workers You recall working with while at ADA.

ANSWER: Those persons who Plaintiff can recall their names are Tim McClanahan, Henry Nibbe, Edo Tenalia, Al Cameron, and Paul Kemp.

BASIS FOR INSUFFICIENCY OF RESPONSE: This answer does not "identify" the persons named. Per the Court's form definition of "Identify (with respect to persons)," which TDCC used, when referring to a person, to "identify" means "to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided."

INTERROGATORY NO. 24: Please describe in detail all safety rules, instructions, training, and safety programs, personal protective measures concerning Chemical Product handling and exposure, operator or safety manuals, or other advisories provided to You during the course of Your work at ADA, including in the description all protective measures proposed for avoiding or minimizing exposure to Chemical Products, the date(s) on which such information was conveyed to You, the identity of the person(s) providing such information, and the identity of all documents concerning such information.

ANSWER: ADA Corporation had no formal safety training.

BASIS FOR INSUFFICIENCY OF RESPONSE: This response is incomplete. The interrogatory does not ask only about "formal" training; it does not ask about only training. Unless Plaintiff's testimony will be that there were no safety rules, instructions, training, safety programs, personal protective measures concerning Chemical Product (as defined) handling and exposure, operator or safety manuals, or other advisories provided to him while he worked at ADA, and no one at

ADA ever instructed him on how to avoid or minimize exposure to Chemical Products, he should supplement this answer.

II. DOCUMENT REQUESTS

REQUEST NO. 1: All documents that identify the manner, extent, and/or duration of your alleged exposure to Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC while working at any plant, facility, or other work site, including but not limited to ADA.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: A Rule 34 request seeks documents in the respondent's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). A response that addresses only documents in the respondent's possession is incomplete and evasive. Plaintiff should supplement.

REQUEST NO. 2: All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) that were previously made by TDCC and any of its present or former directors, officers, employees, or representatives concerning this action or its subject matter (Standard Request No. 2).

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 3: The documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) that relate to, describe, summarize, or memorialize any communication between You and TDCC, or anyone known or believed by You to have been acting under the authority of TDCC, concerning the occurrence (Standard Request No. 3).

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 5: All documents relating to air concentration of Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC to which you claim you were exposed in any area of any plant, facility, or other work site where you worked, including but not limited to ADA.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 7: All documents that refer to or reflect measurements, tests, or test results performed to determine levels of Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC to which you were allegedly exposed, contained in the ambient air, in the soil, and/or on hard surfaces at any plant, facility, or other work site where you worked, including but not limited to ADA.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 8: All documents that relate in any way to your work at ADA.

RESPONSE: Objection, overbroad. See Harris_0001-5 and documents produced in response to Plaintiff's subpoena to 12210 Plum O, LLC regarding the building which Plaintiff worked at.

BASIS FOR INSUFFICIENCY OF RESPONSE: "Objection, overbroad" is boilerplate, and does

not "state with specificity the grounds for objecting to the request, including the reasons." Fed.

R. Civ. P. 34(b)(2)(B). The objection should be withdrawn.

REQUEST NO. 9: All documents concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the occurrence which is the subject matter of this lawsuit has been limited, reduced, or released in any manner. This request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation (Standard Request No. 7).

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 11: Copies of all documents that support Your contention that any Chemical Products manufactured, marketed, distributed, and/or sold by TDCC, and to which You were allegedly exposed, caused or contributed to Your multiple myeloma or any other injury or illness forming the basis of this lawsuit. In responding to this request, please include all documents identifying or evidencing the time, place, manner, extent, frequency, or duration of Your alleged exposure.

RESPONSE: Objection, overbroad. By way of further answer, see Plaintiff's documents.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Document Request No. 8

(overbreadth). (2) The response "see Plaintiff's documents" fails to specify responsive

documents. A respondent "must produce documents as they are kept in the usual course of

business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Plaintiff has done neither. Given Plaintiff's recognition of causation's importance in this case, *see* ECF No. 7 ¶ 6, and Plaintiff's specification of documents responsive to Requests 6, 8, and 15, the response to this request is a transparent dodge.

REQUEST NO. 12: All documents concerning Your consultations with health care providers or the care and treatment provided to You by the health care providers or health care facilities identified in Your Answer to Interrogatory No. 21. (To assist in the collection of these records, a medical records authorization to be executed by You and returned to counsel for TDCC is enclosed herewith.)

RESPONSE: See Plaintiff's medical records.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Interrogatory No. 21.

REQUEST NO. 13: All documents that you reviewed to assist in the identification of any Chemical Products to which You contend You were exposed.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 14: All documents, including notes, created by You in connection with Your workplace safety training, including training mandated by OSHA or Maryland Occupational Safety and Health – Division of Labor and Industry.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 16: All documents evidencing, reflecting, or relating in any way to industrial hygiene inspections, surveys, studies, or any other safety inspections, surveys or studies of ADA, including documents concerning air concentrations of any Chemical Products.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 17: All documents relating to any investigation, study, or report by any state, federal or private institution, organization, or individual regarding ADA.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 18: Samples of the TDCC Chemical Products to which You were allegedly exposed at ADA and that You contend contributed to or caused Your alleged injuries and damages.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 19: Each article, treatise, study, survey, or other authority upon which You or Your expert witnesses may rely to show that Your alleged exposure to Chemical Products manufactured, marketed, distributed, and/or sold by Defendants contributed to or caused your multiple myeloma or any other injury or illness forming the basis of this lawsuit.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 20: All documents concerning when You first became aware that Your alleged exposure to Chemical Products caused You any injury or disease.

RESPONSE: Objection, attorney-client privilege.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) A factual subject matter – when the plaintiff first became aware of a causal link between Chemical Products and his injury or disease – is not privileged; it does not disclose anything about Plaintiff's consultation with counsel, or what counsel may have said in response. (2) Even if there were an applicable privilege, Plaintiff has waived it for at least two reasons: (a) as this response also does not provide the information set forth in Discovery Guideline 10.d.ii(b), Plaintiff's failure to substantiate privilege with a contemporaneous privilege log waives the objection; (b) because Plaintiff has already disclosed that he "became aware of the said hazards [i.e., of TDCC's products] in or about September of 2017 through looking on the internet," there has been a subject-matter waiver of the claimed privilege.

REQUEST NO. 21: All documents that You contend identify chemicals and/or products that are safer alternatives to the Chemical Products to which you were allegedly exposed.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 22: All notebooks, notes, journals, diaries, log books, videos (including day-in-the-life videos), or other documents created by or for You concerning the occurrence, Your alleged injuries or damages, or Your medical care, treatment, or consultations allegedly resulting from Your alleged exposure to TDCC Chemical Products.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 23: All documents concerning Your pre-employment physical examinations conducted at any time from 1990 to the present.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 24: If You were ever a member of a union, all documents concerning Your union membership or participation, including, but not limited to documents that You received from such union(s) concerning workplace safety or any actual or potential health consequences of Your work.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

REQUEST NO. 25: If You are claiming a diminution of income as a result of Your alleged exposure to a TDCC Chemical Product, Your complete state and federal tax returns (including supporting forms and schedules) for the period from five full calendar years preceding Your first alleged loss of income to the present.

RESPONSE: Objection, overbroad. Plaintiff will supplement.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Request No. 8 (overbreadth). (2)

While a respondent may object to a document request while providing a partial or incomplete

answer, he must state that the answer is partial or incomplete. D. Md. Disc. Guideline 10.a. This

response does not do that. It simply says "Plaintiff will supplement." If Plaintiff's response to BP

Lubricants USA Inc.'s ("BP") Document Request 21 is any guide,[2] Plaintiff's supplementation will be inadequate. Plaintiff claims loss of income. ECF No. 1 ¶ 21(d). He also claims to have been diagnosed with multiple myeloma in May 2017. *Id.*, ¶ 12. Plaintiff's offer to provide only "federal tax returns for the past 3 years" – i.e., for 2018 through 2020 – will provide no baseline against which to assess a lost-income claim. This request is tailored to develop that baseline.

REQUEST NO. 26: All documents that concern Your receipt of payment for disability from any source, including but not limited to documents that identify the source or amount of payment, or the basis for each such payment.

RESPONSE: Objection, overbroad. Plaintiff will supplement.

BASES FOR INSUFFICIENCY OF RESPONSE: (1) *See* Request No. 8 (overbreadth). (2) w, while a respondent may object to a document request while providing a partial or incomplete answer, he must state that the answer is partial or incomplete. D. Md. Discovery Guideline 10.a. This response does not do that. It simply says "Plaintiff will supplement." The objection should be withdrawn.

REQUEST NO. 28: To the extent not produced in response to any other request, all documents that evidence Your alleged exposure to any Chemical Product manufactured, marketed, distributed, and/or sold by TDCC.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ('possession").

REQUEST NO. 29: To the extent not produced in response to any other request, all documents that evidence Your claimed injuries or damages due to Your alleged exposure to any Chemical Product manufactured, marketed, distributed, and/or sold by TDCC.

RESPONSE: None in Plaintiff's possession.

BASIS FOR INSUFFICIENCY OF RESPONSE: *See* Document Request No. 1 ("possession").

---

[2] BP's Request 21 seeks "All state and federal income tax returns, together with any schedules or attachments thereto, filed by you for the past ten (10) tax years." Plaintiff responded, "Objection, overbroad. Plaintiff will supplement with federal tax returns for the past 3 years." *See* Exhibit 1 (Excerpt from Plaintiff's Responses to BP's Request for Production of Documents).

**WHEREFORE**, TDCC moves the Court for an Order: (a) overruling Plaintiff's objections; (b) compelling Plaintiff to supplement his Answers to TDCC's Interrogatories 2-7, 10, 12-13, 15-16, 19, 21, 23-24, and his Responses to TDCC's Document Requests 1-3, 5, 7-9, 11-14, 16-26, and 28-29, and produce related documents; (3) awarding TDCC its reasonable costs, including attorneys' fees, incurred in obtaining this relief; and (4) granting TDCC such other and further relief as the Court deems just and proper.

Date: March 2, 2021

/s/
Andrew Gendron (Bar No. 5111)
andrew.gendron@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
(t) 410.525.6414
(f) 410.779.3910

*Attorney for The Dow Chemical Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of March, 2021, I caused a copy of the foregoing paper to be served electronically on the following persons: Alexander McSwain, Esq. (amcswain@carlsonattorneys.com), S. Reed Morgan, Esq. (rmorgan@carlsonattorneys.com), and Gregory G. Paul, Esq. (gregpaul@morgan-paul.com), *Attorneys for Plaintiff*; and Donald R Kinsley, Esq. (drk@maronmarvel.com), *Attorney for BP Lubricants USA Inc*.

/s/
Andrew Gendron