IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:20-cv-00988-GJH |
| THE DOW CHEMICAL COMPANY, | * | |
| *et al.*, | | |
| Defendants. | * | |

<u>RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL</u>

COMES NOW, Plaintiff, Jeffrey Harris, who submits this, his Response and Opposition to Defendant The Dow Chemical Company's Motion to Compel, and also Plaintiff incorporates by reference his Amended Answers to Interrogatories and Amended Responses to Requests for Production.

**INTERROGATORIES**

See Plaintiff's Amended Answer to Interrogatory No. 2.

See Plaintiff's Amended Answer to Interrogatory No. 3. Plaintiff's objection to the defendant's request for expert testimony is not improper as the Court's Scheduling Order sets forth the date for the disclosure of said information, and Defendant's expansive question subsumes topics concerning expert opinion.

Plaintiff's Answer to Interrogatory No. 4 is proper. Plaintiff is not an expert versed in the calculations of quantitative cumulative exposure. Defendant's objection is without merit.

Plaintiff's Answer to Interrogatory No. 5. See Plaintiff's Amended and Supplemental Answer to Interrogatory No. 5. Plaintiff is not claiming a violation of a statute as a basis for liability, or negligence per se, but rather strict products liability claims. Defendant's interrogatory is thus not relevant to any party's claim or defense as contained in the pleadings. However, should evidence come into Plaintiff's possession as to Defendant's statutory or regulatory violations, he reserves the right to supplement therewith.

Plaintiff's Answer to Interrogatory No. 6, to the extent that Defendant complains that Plaintiff's use of "passive voice" renders the answer unclear is frivolous. Otherwise, see Plaintiff's Amended Answer to Interrogatory No. 6.

Plaintiff's Answer to Interrogatory No. 7 is proper. Defendant cannot compel speech and Plaintiff's answer provides the requested information. Defendant's complaint is without merit.

Exhibit 2

See Plaintiff's Amended Answer to Interrogatory No.10.  Furthermore, Defendant's objection that plaintiff's answers to other interrogatories are not applicable to Interrogatory No. 10 is not founded.

See Plaintiff's Amended Answer to Interrogatory No. 12.  Plaintiff would not that Defendant has objected to Plaintiff's objection to Interrogatory No. 12 on the basis of overbreadth, but Plaintiff has not objected to Interrogatory No. 12 on the basis of overbreadth. Otherwise, Plaintiff's answer is proper.  This Interrogatory calls for testimony on chemical compositions and formulas, clearly the province of expert testimony.

See Plaintiff's Amended Answer to Interrogatory No. 13., and above regarding the necessity of expert testimony concerning chemical composition(s).

See Plaintiff's Amended Answer to Interrogatory No. 15. Furthermore, Plaintiff's objection as to expert testimony is proper as Defendant's Interrogatory is improperly requesting information on such things as human factors and graphic design for which Plaintiff does not have personal knowledge.

See Plaintiff's Amended Answer to Interrogatory No. 16. Furthermore, Plaintiff's objection as to expert testimony is proper as Defendant's Interrogatory is improperly requesting information on such things as human factors and graphic design for which Plaintiff does not have personal knowledge.  Defendant's assertion that the answer is unresponsive is inaccurate.

See Plaintiff's Amended Answer to Interrogatory No.19.  Furthermore, Plaintiff's lost wages, loss of chance of earnings, future medical expenses, are the subject of and will require expert testimony.  Plaintiff's damages for intangible consequences of developing cancer are the province of the jury.

Plaintiff's Answer to Interrogatory No. 21 is sufficient under the Federal Rules of Civil Procedure.  Defendant's Interrogatory is overbroad on its face by virtue of its overexpansive request for identification of healthcare providers who have no relation to Plaintiff's treatment for any injury related to this action.

See Plaintiff's Amended Answer to Interrogatory No. 23.

See Plaintiff's Amended Answer to Interrogatory No. 24

**Requests for Production**

See Plaintiff's Amended Responses to Requests for Production.

Dated: March 16, 2021

                                              Respectfully submitted,

                                              */s/ Alexander McSwain*
                                              ATTORNEY
                                              THE CARLSON LAW FIRM
                                              Texas State Bar No: 24106292

100 E. Central Texas Expy<br>
Killeen, TX 76541<br>
Telephone: (800) 359-5690<br>
Facsimile: (254) 526-8204<br>
E-Mail: amcswain@carlsonattorneys.com

*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*
GREGORY G. PAUL
MD ID Number: 26208
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 16, 2021.

Donald Kinsley
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414

(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company

*/s/ Alexander D. McSwain*
Alexander D. McSwain