UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | § | **CASE NO. 8:20-cv-00988-GJH** |
| **PLAINTIFF,** | § | |
| | § | **JUDGE CHASANOW** |
| v. | § | |
| | § | |
| **THE DOW CHEMICAL COMPANY,** | § | |
| **BP LUBRICANTS USA, INC.** | § | |
| **AND JOHN DOES 1-25** | § | |
| **DEFENDANTs.** | § | |

## PLAINTIFF'S ANSWERS TO DEFENDANT
## THE DOW CHEMICAL COMPANY'S INTERROGATORIES

To: Defendant, The Dow Chemical Company, through its attorney, Andrew Gendron, Lewis Brisbois Bisgaard & Smith LP, 100 Light Street, Suite 1300, Baltimore, Maryland 21202.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, Jeffrey Harris submits this, his Answers to Defendant the Dow Chemical Company's Interrogatories.

Dated: March 16, 2021

                                                                            Respectfully submitted,

                                                                            */s/ Alexander McSwain*
                                                                            ATTORNEY
                                                                            THE CARLSON LAW FIRM
                                                                            Texas State Bar No: 24106292
                                                                            100 E. Central Texas Expy
                                                                            Killeen, TX 76541
                                                                            Telephone: (800) 359-5690
                                                                            Facsimile: (254) 526-8204
                                                                            E-Mail: amcswain@carlsonattorneys.com

                                                                            */s/ S. Reed Morgan*
                                                                            ATTORNEY
                                                                            THE CARLSON LAW FIRM
                                                                            Texas State Bar No: 14452300
                                                                            100 E. Central Texas Expy
                                                                            Killeen, TX 76541
                                                                            Telephone: (800) 359-5690
                                                                            Facsimile: (254) 526-8204
                                                                            E-Mail: rmorgan@carlsonattorneys.com

                                                                            */s/ Gregory G. Paul*

Exhibit 3

                                                        GREGORY G. PAUL
                                                        MD ID Number: 26208
                                                        100 First Avenue, Suite 1010
                                                        Pittsburgh, PA 15222
                                                        (412) 259-8375 (telephone)
                                                        (888) 822-9421 (facsimile)
                                                        gregpaul@morgan-paul.com
                                                        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 16, 2021.

Donald Kinsley
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414
(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company

                                                        */s/ Alexander D. McSwain*
                                                        Alexander D. McSwain

# PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES
# FROM THE DOW CHEMICAL COMPANY

INTERROGATORY NO. 1: State the facts concerning the allegation in paragraph 2 of Your Complaint that TDCC is "subject to the in personam jurisdiction of the state of Maryland," identify all persons of knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 10, modified).

ANSWER: Objection, not relevant to any parties' claim or defense as Defendant The Dow Chemical Company has made a preliminary motion under Federal Rule of Civil Procedure 12, and not raised therein the defense of lack of personal jurisdiction in this matter, accordingly the waiver of the defense renders the issue moot. See *Blank v. Ness*, No. CV JKB-16-3735, 2018 WL 1399812, at *2 (D. Md. Mar. 20, 2018).

INTERROGATORY NO. 2: State the facts concerning the matters alleged in paragraph 7 of Your Complaint, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 10, modified).

ANSWER: See Plaintiff's answer to interrogatory number 3, and number 6. By way of further answer, Plaintiff, Jeffrey Harris, Eugene Alan Cameron (though Plaintiff believes that me may possibly be deceased given his advanced age), Tim McClanahan, Edo Tenalia, Henry Nibbe. As to persons contact information, see Plaintiff's Answer to Interrogatory No. 23, supra. As to documents, see Harris_000001-5.

INTERROGATORY NO. 3: With respect to Your allegation in paragraph 8 of Your Complaint that "harmful vapors, fumes, and chemicals were released into the area(s)s where Plaintiff worked, and he was exposed through dermal contact and breathing contact of the airborne chemicals [sic]," describe the manner in which You were exposed to Chemical Products (e.g., dermal, respiratory, etc.), the frequency and duration of exposure (including whether and if so how the frequency and duration varied), and the PPE made available for and/or used by You at the time of each alleged exposure, and identify who provided the PPE to You. If the alleged exposure(s) occurred at ADA, specify the area(s) within ADA where the alleged exposure(s) occurred for each Chemical Product, and identify all persons with personal knowledge of such exposure(s) and all documents concerning those exposure(s).

ANSWER: Objection, calls for expert testimony. By way of further answer, Plaintiff was exposed dermally and through breathing in vapors and fumes from the chemicals used in the Vapor degreaser in and around fumes. Plaintiff, when maintaining or cleaning the machine, would come into contact with the chemicals on his hands. He smelled the chemicals' solvent cleaner smell during their use in the plant. Furthermore, the chemicals would get on his hands inadvertently, despite that the Plaintiff would wear gloves, when reaching into the vat in normal operation and to clean and maintain it. Plaintiff would clean and maintain the machine by getting the sludge off of the bottom dipping into the thick part of the chemicals contained in the machine's tanks and scoop it up with a spoon-like instrument.

To Plaintiff's recollection, no masks or respirators were provided, there was no training, and no safety protocols were taught or enforced. There was no warning as to developing leukemia. Plaintiff worked in the same room as the machines during the duration of his employment with ADA, and 1-3 times monthly directly with the machines.

INTERROGATORY NO. 4:  State Your cumulative exposure to each and every Chemical Product that you allege was manufactured, marketed, distributed, or sold by TDCC, and that You allege caused or contributed to Your multiple myeloma or any other illness that is the subject of this lawsuit, and specifically state the facts and methodology used to arrive at Your answer. Your answer should be in quantitative terms such as parts per million-years ("ppm-years") or any other appropriate, quantitative convention recognized by the epidemiologic/scientific community for characterizing cumulative chemical exposure. If You are unable to provide a specific figure, provide the most accurate range of calculated or estimated cumulative exposure that You are able to provide, as well as the factual and methodological basis for You arriving at that range.

ANSWER:  Objection, overbroad, vague and ambiguous as to "Your cumulative exposure", "specifically state", "appropriate, quantitative convention recognized by the epidemiologic/scientific community…exposure", and calls for expert testimony.  By way of further, partial answer, to Plaintiff's recollection, Plaintiff was regularly exposed for over 3 years during his employment with ADA Corporation.

INTERROGATORY NO. 5:  If you contend that either Defendant violated any statute or regulation in connection with any of the claims asserted against it in Your Complaint, identify each such statute or regulation, describe all facts and circumstances that You contend constitute a violation of each such statute or regulation, identify persons (including experts) with knowledge of those facts, and all documents concerning those facts.

ANSWER:  Currently, not to Plaintiff's knowledge.  Plaintiff's investigation is ongoing, and reserves the right to supplement this answer if additional information becomes known to him.

INTERROGATORY NO. 6:  With respect to the allegation in paragraph 11 of Your Complaint that the Chemical Products complained of in paragraph 7 of Your Complaint "were manufactured, sold, and supplied by ADA by the defendants," identify the specific type of Chemical Products to which You allege exposure that you contend were manufactured, sold, and supplied by TDCC, including in Your answer the generic name (i.e. product type) of the Chemical Product(s), the brand name(s) or trade name(s) of the Chemical Products, and a description of the container or packaging of the Chemical Products, and identifying all persons with personal knowledge of the facts stated in Your answer and all documents concerning those facts.

ANSWER: Objection, overbroad, and not proportional to the needs of the case by virtue of Defendant's request for "brand names" or "trade names".   By way of further answer, Plaintiff recalls that benzene, as contained in toluene, trichloroethylene, and tricholoroethane were supplied to his employer, ADA Corporation. These were received in blue, and green and white 50 or more gallon barrels. They had labeling of their contents on the outside (e.g. "TCE"), and the The Dow Chemical Company, and Castrol's names on them.  As to the use of chemicals

generally, see Plaintiff's Answer to Interrogatory No. 23. As to documents, see Harris_000001-5.

INTERROGATORY NO. 7: Identify by manufacturer, model number, and year of manufacture the vacuum degreasers and vapor degreaser devices (collectively, "Degreasers") to which You refer in paragraphs 6 and 7 of Your Complaint, identify all persons with personal knowledge of your operation of the Degreasers, and all documents, including operation manuals, concerning the Degreasers made available to you during your employment at ADA.

ANSWER: Objection, overbroad, and not a discrete interrogatory by virtue of the logical dissociation between the identity of the vapor degreasers make and model, and person with knowledge of their use in the subject facility. By way of further answer, Plaintiff does not recall the make or model or year of the degreaser used at ADA Corporation. Others with knowledge of the use of, and Plaintiff's use of, the devices include Henry Nibbe, and Tim McClanahan.

INTERROGATORY NO. 8: Has any physician ever told You that Your multiple myeloma or any other illness that is subject of this lawsuit was caused by exposure to any Chemical Products? If so, please identify each such physician, what the physician said (including the physicians' naming of any Chemical Product(s) as the cause of Your illness), when that physician said it, and all documents concerning what the physician said.

ANSWER: Not to Plaintiff's recollection.

INTERROGATORY NO. 9: With respect to the allegation in paragraph 19 of Your Complaint that You were "unaware of the risk of personal injury or death caused by working with the defendants' products or of the hazards that they created under [Your] working conditions," state when You first became aware of the health hazards of dermal or respiratory exposure to the Chemical Products to which You allege exposure and the means by which You became aware, identify all persons with personal knowledge of the facts stated in Your answer and all documents concerning those facts.

ANSWER: Objection, overbroad and not proportional to the needs of the case. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory. By way of further answer, Plaintiff became aware of the said hazards in or about September of 2017 through looking on the internet.

INTERROGATORY NO. 10: State the facts concerning the matters alleged in paragraph 20 of Your Complaint, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 10, modified).

ANSWER: By way of further answer, see answer to interrogatory nos. 3, 6, and 23. As to documents, see Harris_000001-5.

INTERROGATORY NO. 11: State the facts concerning the matters alleged in paragraph 22 of Your Complaint, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 10, modified).

ANSWER: Objection, not relevant to any parties' claim or defense.

INTERROGATORY NO. 12: If You contend that any TDCC Chemical Product to which You were allegedly exposed was defective in design, state the facts concerning such contention, including the generic name (i.e., product type) and the brand name(s) or trade name(s) of the specific TDCC Chemical Product to which You were allegedly exposed and the specific design defect that the TDCC Chemical Product had, and identifying all persons with personal knowledge of those facts and all documents concerning those facts.

ANSWER: Objection, calls for expert opinion. By way of further answer, Plaintiff avers that the product was defective in design for its propensity to cause latent hematopoietic disease.

INTERROGATORY NO. 13: If You contend that any TDCC Chemical Product to which You were allegedly exposed was defective in design, state the facts concerning the feasible alternative design that You contend should have been employed, identify all persons with personal knowledge of those facts and all documents concerning those facts.

ANSWER: Objection, calls for expert opinion.

INTERROGATORY NO. 14: If You contend that any TDCC Chemical Product to which You were allegedly exposed was defective in manufacture, state the facts concerning such contention, including the generic name (i.e., product type) and the brand name(s) or trade name(s) of the specific TDCC Chemical Product to which You were allegedly exposed and the specific manufacturing defect that You allege the TDCC Chemical Product had, identify all persons with personal knowledge of those facts and all documents concerning those facts.

ANSWER: Objection, not relevant to any parties' claim or defense. Furthermore, Plaintiff objects to the inappropriate insertion of a request for production in this interrogatory.

INTERROGATORY NO. 15: With respect to Your contention that any TDCC Chemical Product to which You were allegedly exposed was defective due to a failure to warn, state the facts concerning such contention, including the generic name (i.e., product type) and the brand name(s) or trade name(s) of the specific TDCC Chemical Product to which You were allegedly exposed and the specific warning defect that You allege the TDCC Chemical Product had, identify all persons with personal knowledge of those facts and all documents concerning those facts (STANDARD INTERROGATORY NO. 11, modified).

ANSWER: Objection, compound, vague and ambiguous, and calls for expert opinion. By way of further answer, Defendants' products contained no warning with regard to the propensity for deadly, blood-borne illness from exposure to them. See also Plaintiff's Answer to Interrogatories Nos. 3, and 6. Plaintiff identifies himself as person having knowledge of these facts.

INTERROGATORY NO. 16: With respect to Your contention that any TDCC Chemical Product to which You were allegedly exposed was defective due to a failure to warn, state what warning should have been given and how it should have been communicated to You.

ANSWER: Objection, calls for expert opinion. By way of further answer, Defendants' products should have contained a warning with regard to the propensity for deadly, blood-borne illness from exposure to them.

INTERROGATORY NO. 17: Identify all persons from whom You have obtained statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) concerning this action or its subject matter.

ANSWER: None.

INTERROGATORY NO. 18: Identify all persons who have a subrogation interest in any claim set forth in the Complaint, state the basis and extent of such interest, identify all persons with personal knowledge of such interest and all documents concerning such interest (STANDARD INTERROGATORY NO. 2, modified).

ANSWER: None to Plaintiff's knowledge.

INTERROGATORY NO. 19: Itemize and show how You calculate any damages You claim in this action, whether economic, non-economic, punitive, or other, identify all persons with personal knowledge of Your damages and all documents concerning Your damages (STANDARD INTERROGATORY NO. 3, modified).

ANSWER: Objection, calls for expert opinion. By way of further answer, Plaintiff avers that his medical damages by are calculable by an inspection of his bills, the burden of which is equal to the parties, but which he estimates to be approximately $545,655.3. His recollection is that his out of pocket expenses ancillary to medical treatments received are about $25,000. Furthermore, the following have personal knowledge of his damages:

Plaintiff, c/o The Carlson Law Firm, 100 E. Central Texas Expy., Killeen, Texas 76541 (254) 526-5688;

Plaintiff's wife Amy Harris, see above for contact information.

Custodians of Records, UPMC Hospital, PO Box 2353, Harrisburg, PA 17105;

Custodians of Records, Atrium Health Carolinas, 1000 Blythe Blvd, Charlotte, NC 28203 (704) 355-2000.

Custodians of Records, Johns Hopkins Hospital, PO Box 417714, Boston MA, 02241.

INTERROGATORY NO. 20: For each witness identified by You in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide (as appropriate) the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and 26(a)(2)(C).

ANSWER: Objection, the Court has ordered expert disclosures at another date and time.

INTERROGATORY NO. 21: Identify all health care providers and health care facilities that You have seen or visited for any reason since 1990, state why You saw or visited such health care providers and health care facilities, and identify all documents concerning such consultation, care, treatment, or other interaction. Alternatively, You may identify those health care providers and health care facilities and provide the necessary authorizations for their release of records. Toward that end, authorizations are enclosed herewith.

ANSWER: Objection, overbroad by virtue of Defendant's request for the identities of all of Plaintiff's healthcare providers for which he sought treatment for "any reason", which is

overbroad and outside the scope of discovery. By way of further answer, see Plaintiff's medical records.

INTERROGATORY NO. 22: Pursuant to the Medicare Secondary Payer Mandatory Reporting Provisions in Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (see 42 U.S.C. §§ 1395y(b)(7) and (b)(8)), state whether You have received Medicare benefits since Your first alleged date of exposure to a TDCC Chemical Product; if the answer is yes, provide Your Medicare Health Insurance Claim Number, Social Security Number ("SSN"), date of birth, aliases You have ever used, and the current status of Your claim(s); if the answer is no, provide Your SSN, date of birth and alias You have ever used.

ANSWER: Plaintiff is not currently on Medicare or Medicaid, but is on long-term disability through his employer. He is Medicare eligible.

INTERROGATORY NO. 23: Please identify all supervisors or co-workers You recall working with while at ADA.

ANSWER: Those persons who Plaintiff can recall their names are:

Henry Nibbe
Upon information and belief, place of work: Allen Integrated Assemblies
150 Locust Street, Building 1,
Macungie PA, 18062
Cell: (484) 695-5397

Tom McClanahan
Upon information and belief Tom McClanahan resides in Maryland
Telephone: (301) 980-6634;

Edo Tenalia, contact information unknown;

Eugene Alan Cameron, contact information unknown;

and Paul Kemp, whose contact information is unknown.

INTERROGATORY NO. 24: Please describe in detail all safety rules, instructions, training, and safety programs, personal protective measures concerning Chemical Product handling and exposure, operator or safety manuals, or other advisories provided to You during the course of Your work at ADA, including in the description all protective measures proposed for avoiding or minimizing exposure to Chemical Products, the date(s) on which such information was conveyed to You, the identity of the person(s) providing such information, and the identity of all documents concerning such information.

ANSWER: ADA Corporation had no formal safety training. By way of further answer, see Plaintiff's Answer to Interrogatory No. 3.

INTERROGATORY NO. 25: Please describe in detail Your exposure to pesticides, radiation, toxic agents, Chemical Products, or other toxic chemicals that You sustained outside Your employment at ADA at any time from 1990 until April 17, 2020, including in the description the

circumstances and manner of Your exposure(s), and identifying all persons with personal knowledge of such exposure and all documents concerning such exposure.

ANSWER: Plaintiff does not recall any other exposure to any of the preceding.