IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEFFREY HARRIS,** | * |
| Plaintiff, | * |
| v. | * Case No. 8:20-cv-00988-DKC |
| **THE DOW CHEMICAL COMPANY,** *et al.*, | * |
| | * |
| **Defendants.** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF
THE DOW CHEMICAL COMPANY'S MOTION TO COMPEL**

The Dow Chemical Company ("TDCC"), by its undersigned attorney, replies to Plaintiff Jeffrey Harris' Response and Opposition to [its] Motion to Compel ("Plaintiff's Opposition" or "Pl's Opp.") as follows:

I. PRELIMINARY STATEMENT

Plaintiff worked for Advanced Development & Assembly Corporation ("ADA") as its Operations Manager from 1991 to 1995. Compl. ¶ 6. He claims that his occupational exposure to the Defendants' products while at ADA caused his multiple myeloma. *Id*., ¶¶ 15, 20. Plaintiff's refusal to provide meaningful responses to TDCC's written discovery requests is impeding other discovery, most notably Plaintiff's deposition, and threatening the schedule already extended once at Plaintiff's request.

TDCC's Motion to Compel concerned Plaintiff's inadequate responses to its Interrogatories 2-7, 10, 12-13, 15-16, 19, 21, 23-24, and Document Requests 1-3, 5, 7-9, 11-14, 16-26, and 28-29, and his failure to produce requested documents.

Provided that Plaintiff properly labels them as amended or supplemental responses,[1] TDCC will withdraw its motion as to Interrogatories 5 and 19, and accept Plaintiff's current answers thereto. Plaintiff has not, however, addressed TDCC's concerns as to Interrogatories 2-7, 10, 12-13, 15-16, 19, 21, 23, and 24.

Plaintiff's entire argument in opposition to TDCC's Motion to Compel as to document requests is "See Plaintiff's Amended Responses to Requests for Production." Pl's Opp. at 2. By specifying that certain requested documents are not in his "possession, custody, or control," rather than simply in his "possession," Plaintiff has resolved TDCC's concern that his original responses to Document Requests 1-3, 5, 7, 9, 13-14, 16-19, 21-24, 28, and 29 failed to conform to Fed. R. Civ. P. 34(a)(1). TDCC's concerns remain, however, as to Plaintiff's responses to its Document Requests 8, 11, 12, 20, 25, and 26.

Indeed, by his untimely effort to assert new objections to some of TDCC's discovery requests in his "Amended Responses," Plaintiff has doubled-down on the objectionable nature of his responses.

## II. INTERROGATORIES

### A. Interrogatory 2

This interrogatory, based on Standard Interrogatory No. 10, concerns Paragraph 7 of the Complaint. It is, therefore, presumptively proper. Plaintiff nevertheless objected, and his

---

[1] Even though Plaintiff's Opposition refers to "amended" interrogatory answers and "amended" responses to document requests, none of those "amended" discovery responses so identifies itself. This will cause confusion when Plaintiff is asked about original and "amended" interrogatory answers that are both labeled "answer," and original and "amended" responses to document requests that are both labeled "response." The potential for confusion is increased by Plaintiff's referring to both iterations of his written discovery responses by the same titles; that is, there are now two iterations entitled "Plaintiff's Answers to First Set of Interrogatories from The Dow Chemical Company" and "Responses to Requests for Production."

purportedly amended answer does not respond, it instead refers TDCC to Plaintiff's answers to Interrogatories 3 and 6.[2] Since those interrogatories concern other paragraphs of the Complaint, it should come as no surprise that this is unresponsive. Plaintiff should be compelled to answer this interrogatory.

   B.  Interrogatory 3

Interrogatory 3 asks Plaintiff to describe the manner of his exposure to Chemical Products (as defined), the frequency and duration of exposure (including whether and if so how the frequency and duration varied), and the PPE available and used by him, and to identify who provided him the PPE. It asks Plaintiff to specify the area(s) within ADA where the alleged exposure(s) occurred for each Chemical Product, and to identify all persons with personal knowledge of his exposures and all documents concerning those exposures. Plaintiff continues to object to this interrogatory as "call[ing] for expert testimony." It does not. It asks for factual information that Plaintiff should know.[3] Plaintiff's amended answer is not responsive. Plaintiff's objection should be overruled, and he should be compelled to answer this interrogatory.

   C.  Interrogatory 4

This interrogatory concerns Plaintiff's cumulative exposure to products allegedly sold by TDCC. Plaintiff continues to assert not just the same incorrect objection that it "calls for expert testimony," but also continues to nitpick about wording that is neither controversial nor unusual in a toxic-tort case. For the reasons stated in TDCC's opening papers, Plaintiff's objections should be overruled, and he should be compelled to answer this interrogatory.

---

[2] This answer also refers TDCC to Plaintiff's "amended" answer to Interrogatory 23. As discussed below, it is difficult to reconcile Plaintiff's answers to Interrogatories 2 and 23.

[3] Even if it did, as TDCC's opening papers pointed out, an interrogatory is not objectionable simply because it "calls for expert testimony." Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion ….").

D. Interrogatory 6

This is a toxic-tort case. Nonetheless, nearly a year after its filing, TDCC still does not know which of its products (if any) allegedly caused Plaintiff's illness. As TDCC said in its opening papers, a "proportionality objection is frivolous. If the requested information concerning the products to which Plaintiff claims exposure is known to Plaintiff or his counsel, TDCC is entitled to its disclosure." For the reasons set forth in TDCC's opening papers, Plaintiff's so-called "amended" answer continues to be unresponsive. Plaintiff's objections should be overruled, and he should be compelled to answer this interrogatory.

E. Interrogatory 7

This is the first, but by no means the last, of so-called "amended" discovery responses that apparently view a motion to compel as the opportunity to take a mulligan; *i.e.*, assert new, heretofore-unmentioned objections to discovery requests. An objection not timely asserted is waived. Thus, whatever Plaintiff may mean by referring to a "logical dissociation between the identity of the vapor degreasers [sic] make and model, [sic] and persons with knowledge of their use," this objection, which Plaintiff did not timely assert, is improper. Plaintiff's objections should be overruled, and he should be compelled to answer this interrogatory.

F. Interrogatory 10

This interrogatory concerns facts supporting paragraph 20 of the Complaint. Plaintiff's so-called "amended" answer is nothing of the kind. As with Interrogatory 2, Plaintiff avoids providing facts in response to a presumptively proper interrogatory by referring to interrogatories that concern facts supporting **other** paragraphs of the Complaint. Plaintiff should be compelled to answer this interrogatory.

G. Interrogatories 12 & 13

Here again, proper interrogatories meet the improper objection that they "call [] for expert opinion." Plaintiff's objection to these interrogatories should be overruled, and he should be compelled to answer these interrogatories.

H. Interrogatory 15

Interrogatory 15 seeks facts supporting Plaintiff's contention that TDCC products were defective for failure to warn. Among those facts: the *name* of any TDCC product to which (as his amended answer to Interrogatory 4 claims) Plaintiff was allegedly "regularly exposed," day in and day out, "for over 3 years." Plaintiff's objections, "compound, vague, and ambiguous," are boilerplate, and his other objection, that this interrogatory "calls for expert opinion," is improper. Plaintiff's objections should be overruled, and he should be compelled to answer this interrogatory.

I. Interrogatory 16

Plaintiff also met this interrogatory with the improper objection that it "call for expert opinion." Plaintiff's objection should be overruled, and he should be compelled to answer this interrogatory.

J. Interrogatory 21

Interrogatory 21 asks him to identify health care providers and health care facilities that he saw or visited for any reason since 1990. To ease Plaintiff's burden in responding to this interrogatory, TDCC provided blank medical authorizations for Plaintiff to execute. Plaintiff objects to this interrogatory as overbroad because it contains the prepositional phrase "for any reason." If TDCC were to withdraw that three-word phrase, this interrogatory would be no different. Would Plaintiff still object? The fact is, in a case where the Plaintiff alleges that

occupational exposure to unnamed products over twenty-five years ago caused him to contract multiple myeloma, there is nothing objectionable about seeking the identities of the doctors and hospitals that have treated him since one year before that exposure. Plaintiff refers TDCC to "Plaintiff's medical records," but does not say that those records only go back to April 2017, not to 1990, as requested. This obfuscation has consequences not just here; but, as explained below, it also affects Plaintiff's response to TDCC's Document Request 12. Plaintiff's objection should be overruled, and he should be compelled to answer this interrogatory.

K.  Interrogatory 23

In his answer to Interrogatory 23, Plaintiff creates more questions than he answers. The co-worker referred to as "Tim McClanahan" in Plaintiff's "amended" Interrogatory Answer 2 is now "Tom McClanahan." As TDCC's opening papers stated, "[p]er the Court's form definition of 'Identify (with respect to persons),' which TDCC used, when referring to a person, to 'identify' means 'to state the person's full name, *present or last known* address, and, when referring to a natural person, the *present or last known* place of employment.'" Plaintiff just says, "contact information unknown." If he does not have any contact information, including past contact information, plaintiff should have so stated. Otherwise, he should have responded to this interrogatory. As he did neither, Plaintiff should be compelled to answer this interrogatory.

L.  Interrogatory 24

Interrogatory 24 seeks a description of "*all* safety rules, instructions, training, and safety programs, personal protective measures concerning Chemical Product handling and exposure, operator or safety manuals, or other advisories provided to [Plaintiff] during the course of [his] work at ADA, including in the description all protective measures proposed for avoiding or minimizing exposure to Chemical Products, the date(s) on which such information was conveyed

to [him], the identity of the person(s) providing such information, and the identity of all documents concerning such information." Plaintiff's "amended" answer is a dodge. It says only that ADA Corporation had "no *formal* safety training." This of course begs the question, what informal safety training did it have? Moreover, Plaintiff's "amended" answer ignores the rest of the interrogatory. Plaintiff should be compelled to answer this interrogatory.

III. DOCUMENT REQUESTS

A. Document Request 8

This request seeks "[a]ll documents that relate in any way to [Plaintiff's] work at ADA." Plaintiff's response was "Objection, overbroad. See Harris_0001-5 and documents produced in response to Plaintiff's subpoena to 12210 Plum O, LLC regarding the building which Plaintiff worked at." Because "Objection, overbroad" is boilerplate, and does not "state with specificity the grounds for objecting to the request, including the reasons," Fed. R. Civ. P. 34(b)(2)(B), TDCC asked Plaintiff to withdraw it. Rather than do that, Plaintiff's "supplemental" response attempted to state new grounds: "Objection, this request is overbroad because the request for documents that 'relate in any way' is so categorically expansive that it is not reasonably articulated to a claim or defense of any party and is overbroad on its face." This untimely objection is waived. Moreover, it lacks merit. The occupational exposure Plaintiff alleges ended nearly twenty-five years before he filed suit. He alleges that his employment "required" him to use a vapor degreaser device, which caused him dermal and respiratory exposure to "hazardous chemicals including benzene, toluene, trichloroethylene, and trichloroethane." ECF No. 1 ¶¶ 7-9, 12. He also alleges that "Defendants did not provide Mr. Harris with personal protective equipment, or proper or adequate warnings …." *Id*., ¶ 9. Learning about the conditions of Plaintiff's employment twenty-five-plus years ago, including any documents that he may still

have concerning that employment, is anything but "categorically expansive"; it is focused on Plaintiff's claims and TDCC's potential defenses. Finally, Plaintiff's continued objection to this and other discovery requests bogs down litigation that, given the passage of time and Plaintiff's serious medical condition, must move quickly. Plaintiff's objection should be overruled, and he should be ordered to produce the requested documents.

B. Document Request 11

Request 11 seeks "documents that support Your contention that any Chemical Products manufactured, marketed, distributed, and/or sold by TDCC, and to which You were allegedly exposed, caused or contributed to Your multiple myeloma or any other injury or illness forming the basis of this lawsuit. In responding to this request, please include all documents identifying or evidencing the time, place, manner, extent, frequency, or duration of Your alleged exposure." Plaintiff's response was, "Objection, overbroad. By way of further answer, see Plaintiff's documents." Plaintiff's supplemental response simply lists all documents that he produced, including medical records. TDCC's Interrogatory 8 asked if any physician had ever told Plaintiff that his multiple myeloma or any other illness was caused by exposure to Chemical Products (as defined). Plaintiff's response, under oath, was "[n]ot to Plaintiff's recollection." Given this, listing Plaintiff's medical records in response to a request that concerns causation is not in good faith; it is make-work. Plaintiff's objection should be overruled, and he should be ordered to produce whatever documents are in fact responsive to this request.

C. Document Request 12

Document Request 12 seeks "documents concerning Plaintiff's consultations with health care providers or the care and treatment provided to [him] by the health care providers or health care facilities identified in [his] Answer to [TDCC] Interrogatory No. 21." Interrogatory 21

asked Plaintiff to identify "all health care providers and health care facilities that [he had] seen or visited for any reason since 1990"; *i.e.*, since immediately before Plaintiff's alleged occupational exposure. Plaintiff's response to Request 12 directed TDCC to the medical records he had produced.[4] Those records, however, only go back as far as April 2017. His supplemental response changes nothing; it simply lists the records that Plaintiff has already produced. Plaintiff should be ordered to produce all documents responsive to this request.

    D. Document Request 20

This request seeks documents concerning when Plaintiff first learned that Chemical Products (as defined) caused his illness. Plaintiff's response was "Objection, attorney-client privilege." A factual subject matter – when Plaintiff first became aware of a causal link between Chemical Products and his illness – is not privileged; it does not disclose anything about Plaintiff's consultation with counsel, or what counsel may have said in response. Even if there were an applicable privilege, Plaintiff's response waived privilege for at least two reasons: (a) his response failed to substantiate the claim of privilege with a contemporaneous privilege log as Discovery Guideline 10.d.ii(b) directs; and (b) Plaintiff's answer to TDCC's Interrogatory 9 stated under oath that "Plaintiff became aware of the said hazards [*i.e.*, of TDCC's products] in or about September of 2017 through looking on the internet." Plaintiff's supplemental response to Document Request 20 does nothing more than repeat his objection and then attempt to support his claim of privilege with his version of a privilege log:

---

[4] As discussed above, Plaintiff's continued – expanded – objection to TDCC's Interrogatory 21 as "overbroad" is another example of his effort to raise untimely objections, and lacks merit.

| Privilege Log | | | |
|---|---|---|---|
| Type of Document | Subject Matter | Date | Author, Recipient, Custodian |
| Client-Attorney Communication | Client's Injury | Undated | Plaintiff, The Carlson Law Firm, The Carlson Law Firm |

Plaintiff has already said that he learned of the alleged hazards of TDCC's products in September 2017. This untimely privilege log does not say whether the purported "client-attorney" communication occurred before or after September 2017; it says only that it is "undated." In this day and age it is difficult to conceive of a written communication – *e.g.*, letter; electronic mail; text message; social media post – that is undated. Regardless, this purported log is too little too late. And, by not responding to TDCC's argument that he waived privilege, Plaintiff has conceded the point. Plaintiff's objection should be overruled, and he should be ordered to produce the requested documents.

E.  Document Request 25

TDCC's Request 25 seeks Plaintiff's complete state and federal tax returns (including supporting forms and schedules) for the period from five full calendar years preceding [Plaintiff's] first alleged loss of income to the present." Plaintiff's original response was "Objection, overbroad. Plaintiff will supplement." Plaintiff has now, impermissibly, expanded on this by asserting, "Objection, overbroad by virtue of a request for 'complete state and federal tax returns (including supporting forms and schedules)' which is much greater information than is relevant to claims and defenses at stake in the litigation. By way of further answer, Plaintiff will supplement." Time and again, Plaintiff makes conclusory and self-serving assertions about what is relevant to the parties' claims and defenses. Income tax filings for the five-year period preceding Plaintiff's first alleged loss of income are, of course, reasonable, and relevant –

indeed, the evidence most relevant – to ascertainment of damages (if any).[5] Moreover, while a respondent may object to a document request while providing a partial or incomplete answer, Discovery Guideline 10.a requires him to state that the answer is partial or incomplete. Plaintiff's response and supplemental response do not do that. They simply say "Plaintiff will supplement." As TDCC's opening papers stated,

> If Plaintiff's response to BP Lubricants USA Inc.'s ("BP") Document Request 21 is any guide,[6] Plaintiff's supplementation will be inadequate. Plaintiff claims loss of income. He also claims to have been diagnosed with multiple myeloma in May 2017. Plaintiff's offer to provide only "federal tax returns for the past 3 years" – *i.e.*, for 2018 through 2020 – will provide no baseline against which to assess a lost-income claim. This request is tailored to develop that baseline.

TDCC Mot. Compel at 15-16 (internal citations omitted). Plaintiff's objection should be overruled, and he should be ordered to produce the requested documents.

F. Document Request 26

TDCC's Request 26 seeks documents concerning disability payments, which includes Plaintiff's justification for seeking them.[7] Plaintiff initially responded (in full), "Objection, overbroad. Plaintiff will supplement." As with his "amended" response to Request 25, Plaintiff's "amended" response now says:

---

[5] Of course, the test under Rule 26(b)(1) concerns not just relevance, but also proportionality to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff does not attempt to support an assertion of disproportionality.

[6] BP's Request 21 seeks "All state and federal income tax returns, together with any schedules or attachments thereto, filed by you for the past ten (10) tax years." Plaintiff responded, "Objection, overbroad. Plaintiff will supplement with federal tax returns for the past 3 years." *See* Exhibit 1 (Excerpt from Plaintiff's Responses to BP's Request for Production of Documents).

[7] Request 26 states in full: "All documents that concern Your receipt of payment for disability from any source, including but not limited to documents that identify the source or amount of payment, or the basis for each such payment."

> Objection, overbroad by virtue of the request for "all documents that concern" and "including but not limited to" which is not proportional to the needs of the case considering the claims and defenses at issue. Plaintiff will supplement with records regarding his payments for disability that are related to the parties claims and defenses.

Not only has Plaintiff impermissibly sought to assert new, more expansive objections, he now says that he will provide "records regarding his **payments** for disability that are **related to** the parties [sic] claims and defenses [emphasis added]." This limits the documents that Plaintiff will produce to those showing what he has received; that is, assuming Plaintiff deems them "related." TDCC is entitled to documents showing the bases Plaintiff asserted for his right to receive disability payments. Plaintiff's objection should be overruled, and he should be ordered to produce the requested documents.

## IV. CONCLUSION

For the foregoing reasons, as well as those stated in TDCC's opening papers, the Court should grant its Motion to Compel, overrule Plaintiff's objections as frivolous, order Plaintiff's full and complete responses to TDCC's discovery, including the immediate production of responsive documents in his possession, custody, or control, and award TDCC such other and further relief, including its reasonable attorneys' fees, incurred in obtaining this relief. *See* Fed. R. Civ. P. 26(g)(3) & 37(a)(5)(A).

Date: March 25, 2021

/s/
Andrew Gendron (Bar No. 5111)
andrew.gendron@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, MD 21202
(t) 410.525.6414
(f) 410.779.3910

*Attorney for The Dow Chemical Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 25th day of March, 2021, I caused a copy of the foregoing paper to be served electronically on the following persons: Alexander McSwain, Esq. (amcswain@carlsonattorneys.com), S. Reed Morgan, Esq. (rmorgan@carlsonattorneys.com), and Gregory G. Paul, Esq. (gregpaul@morgan-paul.com), *Attorneys for Plaintiff*; and Donald R Kinsley, Esq. (drk@maronmarvel.com), *Attorney for BP Lubricants USA Inc*.

                                            /s/
                                    Andrew Gendron