# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:20-cv-00988-DKC |
| **THE DOW CHEMICAL COMPANY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## BP LUBRICANTS USA, INC.'S LOCAL RULE 104.7
## CERTIFICATE IN SUPPORT OF MOTION TO COMPEL

I, Donald R. Kinsley, attorney for BP Lubricants USA, Inc., ("BP"), hereby certify under Local Rule 104.7 as follows:

1. BP served its Interrogatories and Request for Production of Documents on January 6, 2021.

2. Plaintiff served his responses on February 12, 2021, via a sharefile link. BP was unable to initially open the link, but when it was reactivated on February 15 by Plaintiff counsel, BP was able to access this information.

3. Attached hereto as **Exhibit 1** is BP's Motion to Compel, served on March 3, 2021.

4. Plaintiff served Amended Responses on March 11, 2021, **Exhibit 2**, and Second Amended Responses on March 18, 2021, **Exhibit 3**.

5. Attached hereto as **Exhibit 4** is Plaintiff's Response and Opposition to Defendant's Motion to Compel, served on March 18, 2021.

6. Attached hereto as **Exhibit 5** is the Reply Memorandum in Support of BP's Motion to Compel, served on March 29, 2021.

7. On Tuesday, April 6, 2021, undersigned counsel for BP conducted a discovery conference with Plaintiff's counsel.

8. This was the only conference between BP and Plaintiff concerning BP's Motion to Compel. After reviewing Plaintiff's Opposition to its Motion to Compel (Exh. 4) and Plaintiff's amended and second discovery responses (Exh. 2 & 3), BP elected to serve its Reply Memorandum (Exh. 5).

9. The April 6 conference took place by telephone. Those speaking during the call included Alexander McSwain, Esq., on behalf of Plaintiff Jeffrey Harris; and undersigned counsel on behalf of Defendant BP. Andrew Gendron, Esq., counsel for Defendant The Dow Chemical Company, was also on the call.

10. During the conference Plaintiff counsel indicated Plaintiff would provide: a signed and witnessed HIPAA authorization; a signed Maryland Workers' Compensation Commission authorization; and a signed SSA-7050-F4 Request for Social Security Earning Information.

11. The conference ended after about 18 minutes.

12. Subsequent to the teleconference on April 6, 2021, Plaintiff counsel provided: a signed Social Security Administration Consent for Release of Information (on April 6); a signed and witnessed HIPAA authorization, a signed authorization for VA records (on April 9); and a signed authorization for transcripts from the Maryland Workers' Compensation Commission (on April 9).

13. BP's Interrogatories and Requests for Production that are still at issue are listed below.

14. As to Interrogatory #2,[1] Plaintiff counsel stated Plaintiff would be supplementing his response with his best recollections of his residences, but only beginning with 1991, when Plaintiff's alleged exposures first occurred, and not prior to that date, and he would be standing by his objection that prior residential history was not relevant.

15. As to Interrogatory #7,[2] Plaintiff counsel stated he would not be withdrawing his objection to the discovery of Plaintiff's family history information because that information was not relevant.

16. As to Interrogatory #13,[3] Plaintiff counsel stated that he would not be withdrawing his objection to this Interrogatory, and Defendants' counsel would need to question Plaintiff to obtain responses to this discovery.

17. As to Interrogatory #15,[4] seeking Plaintiff's medical provided information, Plaintiff counsel stated he would be standing his objections and Plaintiff counsel referred Defendant to

---

[1] 2. State every address at which Plaintiff ever lived, setting forth the dates during which he resided at each address and the identity of each person with whom he resided at each such address and the dates each such person resided with him at each such address.

[2] 7. State the full names of Plaintiff's grandparents, parents, and siblings. If any of the aforementioned individuals are deceased, for each give the dates of death, places of death, location of last hospitalization and cause of death.

[3] 13. State the date Plaintiff noticed or first experienced symptoms related to each injury, illness or disease which he claims was caused or contributed to by his exposure to the Chemical Products or Products, and identify all such symptoms and the date on which and manner in which Plaintiff first learned:

    (a)    That each injury, illness or disease at issue in this action was occupationally related; and

    (b)    Of the alleged association between his condition(s) and his alleged exposure to the Chemical Product or Products, setting forth the manner in which he so learned of such association and from whom he so learned.

[4] 15. Provide the name and last known address of each of Plaintiff's physicians and/or health care provider during his lifetime, and state whether each, to Plaintiff's knowledge, information and belief, is in current practice, and provide each type of practice or specialty.

review the more than 5,000 pages of medical records to obtain this information, and that the entirety of Plaintiff's medical history was not relevant.

18. As to the Request for Production, Defendant has yet to receive:

- ■ a signed authorization for Social Security Earning Information (Form SSA-7050-F4); and

- ■ a signed authorization for Disability and Medical Records.

19. Plaintiff's refusal to provide responses to the above listed discovery is impeding other discovery in this case. Plaintiff's deposition, currently scheduled for April 20, 2021, will need to be held open pending resolution of this dispute. Further, BP's ability to designate one or more persons to testify on its behalf in response to Plaintiff's pending notice of deposition under Rule 30(b)(6) is impeded by Plaintiff's inadequate discovery responses. Without this information, as well as full and complete discovery of Plaintiff's medical history, BP's ability to select and prepare expert witnesses to testify on its behalf is impaired. Accordingly, a prompt resolution will serve the interests of all parties and the Court.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

/s/ *Donald R. Kinsley*
Donald R. Kinsley
(MD Bar ID No. 09104)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
Telephone: (302) 425-5177
Facsimile: (302) 425-0180
drk@maronmarvel.com
Attorney for Defendant
BP Lubricants USA Inc., formerly known as Castrol Industrial North America Inc.

Date: April 14, 2021

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that, on this 14th day of April, 2021, I caused a copy of the foregoing paper to be served via the Court's CM/ECF system on all counsel of record.

                                              */s/ Donald R. Kinsley*
                                              Donald R. Kinsley