# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY HARRIS, | : | |
| | : | |
| Plaintiff, | : | C.A. No.: 8:20-CV-00988-DKC |
| | : | |
| v. | : | |
| | : | |
| THE DOW CHEMICAL COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

**BP LUBRICANTS USA INC.'S**
**MOTION TO COMPEL RESPONSES TO DISCOVERY FROM PLAINTIFF**

Defendant, BP Lubricants USA Inc., formerly known as Castrol Industrial North America Inc. ("BP") (Incorrectly sued as BP Lubricants USA Inc., d/b/a "Castrol"), by its undersigned attorney, hereby file this Motion to Compel Responses to Discovery from Plaintiff Jeffrey Harris, and in support thereof , state:

### I.  COMPLIANCE WITH LOCAL RULE 104.7 AND 104.8

1. In the event that the discovery disputes set forth herein fail to resolve, the Certificate required by Fed. Rule Civ. Pro. 37(a) and Local Rule 104.7 will be appended to a copy of the Motion previously served by the parties under L.R. 104.8a. The Certificate will set forth: a) the date, time, and place of discovery conference, and names of persons participating therein; and b) an itemization of the issues requiring resolution by the Court.

2. The instant discovery dispute arises from Plaintiff's failure to provide complete responses to discovery requests. Even after meet and confer attempts to resolve the issues without judicial intervention, Plaintiff has still failed to provide full responses to Defendant's discovery requests. Accordingly, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant requests that the Court compel Plaintiff to respond to BP's discovery requests.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

3. Plaintiff filed his Complaint on April 17, 2020, alleging he developed multiple myeloma as a result of exposure to chemicals sold by defendants to his employer in 1991-1995. Written discovery and document production between parties began in January 2021. Plaintiff's responses were due on February 5, 2021, Plaintiff's counsel requested a one-week extension with which to respond, and the request for the extension was agreed to by BP's counsel.

4. Plaintiff then produced five pages of public documents, medical records dating from Plaintiff's diagnosis of his alleged injuries, and limited answers to interrogatories.

5. Plaintiff has asserted generic, boilerplate objections, including relevance, to many of BP's requests and has stated that information sought by the request is outside the scope of this litigation.

6. BP has made good faith efforts to resolve disputes and/or provide clarifications relating to the documentary discovery and interrogatory requests. Nonetheless, Plaintiff continues to refuse to fully provide answers and responses. This has left BP without access to information which is in Plaintiff's possession and critical to the central issues in this litigation.

## III. INTERROGATORIES

INTERROGATORY NO. 2. State every address at which Plaintiff ever lived, setting forth the dates during which he resided at each address and the identity of each person with whom he resided at each such address and the dates each such person resided with him at each such address.

ANSWER: Objection, overbroad, not relevant to parties' claims or defenses, and not proportional to the needs of the case. Furthermore, Plaintiff object to the inclusion of multiple discrete subparts of this interrogatory into one numbered interrogatory in contravention of Federal Rule of Civil Procedure 33. By way of further answer, Plaintiff's residence is Havertown, PA, in the past 5-6 years, he was a resident of Huntersville, NC, and before that, Shrewsbury, PA.

BASIS FOR INSUFFICIENCY OF RESPONSE: Plaintiff objects and refuses to provide information regarding his personal history. In response to Interrogatory No. 2, he objects to providing a full and complete response to his specific residences over the course of his life.

INTERROGATORY NO. 5. Did Plaintiff ever file a worker's compensation claim or a claim for disability benefits or receive worker's compensation or other disability benefits for the injuries or diseases claimed in this lawsuit or for any other injuries or diseases for which a claim is not being made in the instant suit? If so, for each such claim state by whom paid, when paid, the amounts paid, the nature of the injury, disease and/or disability, the date of accident or the date on which the disability began and set forth the period of time for which benefits were received.

ANSWER: No.

BASIS FOR INSUFFICIENCY OF RESPONSE: Plaintiff stated in Interrogatory No. 4 that he was on long term disability and then denies that he filed a disability claim and does not provide the requested information precluding defendants from seeking documents or other information on his long term disability claim.

INTERROGATORY NO. 7. State the full names of Plaintiff's grandparents, parents, and siblings. If any of the aforementioned individuals are deceased, for each give the dates of death, places of death, location of last hospitalization and cause of death.

ANSWER: Objection, overbroad, and not relevant to any parties' claims or defenses.

BASIS FOR INSUFFICIENCY OF RESPONSE: In response to Interrogatory No. 7, he further objects to providing complete information regarding his medical history, including family health history, which is reasonable and relevant as Plaintiff has put his medical history at issue in this litigation. Defendants are entitled to investigate his family history of cancer and Multiple Myeloma as a family history is a known risk factor. The American Cancer Society, for instance, identifies the risk factors for Multiple Myeloma, including family history, obesity and prior plasma cell diseases further supporting the need for discovery into plaintiff's medical history through his records.[1] *See In re Taxotere (Docetaxel) Prod. Liab. Litig.,* 966 F.3d 351, 355 (5th

---

[1] https://www.cancer.org/cancer/multiple-myeloma/causes-risks-prevention/risk-factors.html.

Cir. 2020) - "[T]he district court issued several pretrial orders intended to streamline the discovery process and ensure the efficient management of plaintiffs' claims. In Amended Pretrial Order No. 22, the court ordered each plaintiff to complete a Plaintiff Fact Sheet ("PFS") … The PFS required each plaintiff to answer detailed questions about her race, family, medical history, cancer diagnosis, and treatment regimen." Family history of cancer in alleged benzene exposure cases is relevant: *Collins v. Ashland Inc.,* No. CIV.A. 06C-03-339BEN, 2011 WL 5042330, at *2 (Del. Super. Ct. Oct. 21, 2011); *Cleaver v. Union Pac. R.R. Co.,* No. 8:18CV512, 2021 WL 75259, at *2 (D. Neb. Jan. 7, 2021); and *Catlin Specialty Ins. Co. v. J.J. White, Inc.,* 309 F. Supp. 3d 345, 360 (E.D. Pa. 2018), *opinion clarified,* 387 F. Supp. 3d 583 (E.D. Pa. 2019).

INTERROGATORY NO. 13. State the date Plaintiff noticed or first experienced symptoms related to each injury, illness or disease which he claims was caused or contributed to by his exposure to the Chemical Products or Products, and identify all such symptoms and the date on which and manner in which Plaintiff first learned:
    (a)    That each injury, illness or disease at issue in this action was occupationally related; and
    (b)    Of the alleged association between his condition(s) and his alleged exposure to the Chemical Product or Products, setting forth the manner in which he so learned of such association and from whom he so learned.

ANSWER: Objection, argumentative and assumes facts not in evidence. By way of further answer, Plaintiff recalls that he may have been diagnosed the first week of May 2017, diagnosed with multiple myeloma, and felt ill before that. However, no doctor has ever stated that he had chemically induced myeloma, to his recollection and Plaintiff never learned of the connection between his diagnosis and his previous use of chemicals until about September 2017.

BASIS FOR INSUFFICIENCY OF RESPONSE: Interrogatory No. 13 requests Plaintiff to identify the symptoms of his injuries and the manner in which he first learned that his injuries were occupationally related, and set forth the manner in which he learned of the association between his condition(s) and his alleged exposures to the Chemical Product or Products. Plaintiff responded that he learned of the connection in about September 2017, but fails to state

the manner in which he learned of that alleged connection.

INTERROGATORY NO. 14. State the date on which any doctor or other health care professional Plaintiff has a basis for believing first came to the conclusion that each condition at issue herein was related in any manner to the Chemical Products or Products, the basis for such belief, set forth the date and substance of all communications and the parties thereto supporting such belief and identity all documents evidencing, referring or relating to such belief, conclusion and communications.

ANSWER: Objection, assumes facts not in evidence.

BASIS FOR INSUFFICIENCY OF RESPONSE: Interrogatory No. 14 requests Plaintiff to state the date any doctor or health care professional had a basis for believing that each condition at issue was related in any manner to the Chemical Products or Products, the basis for that belief, and the communications evidencing that belief, conclusion and communications. Plaintiff's response simply objects and states "assumes facts not in evidence." See Guideline 10 referenced in paragraph 10 above.

INTERROGATORY NO. 15. Provide the name and last known address of each of Plaintiff's physicians and/or health care provider during his lifetime, and state whether each, to Plaintiff's knowledge, information and belief, is in current practice, and provide each type of practice or specialty.

ANSWER: Objection, overbroad, and not relevant to the parties' claims or defenses, nor proportional to the needs of the case. By way of further answer, equally available through review of Plaintiff's medical records.

BASIS FOR INSUFFICIENCY OF RESPONSE: Instead of providing names and addresses of Plaintiff's medical providers in response to Interrogatory No. 15, Plaintiff objects to this interrogatory as not proportional to the needs of the case, then simply refers to the selected medical records produced. Plaintiff is the only party in the position to provide a complete and accurate listing of his medical providers, which is not available via the selected records he provided. This request is proportional to the needs of the case as required under Federal Rule of Civ. Pro. Rule 26(b)(2)(c). As this is an action for personal injury, Plaintiff's health and medical

history are put at issue by Plaintiff.

Interrogatory No. 24. Identify each and every Person You expect to call as a fact witness at the trial in this Case, and, as to each such Person, set forth in detail the subject matter about which the Person is expected to testify.

ANSWER: Objection, vague and ambiguous as to use of the command to "set forth in detail" as to "set forth in detail" is open to multiple interpretations.

BASIS FOR INSUFFICIENCY OF RESPONSE: In response to Interrogatory No. 24, Plaintiff simply objects to the language "set forth in detail," and provides no substantive response whatsoever. Defendants are entitled to know the fact witnesses Plaintiff expects to call at trial. See Guideline 10 referenced in paragraph 10 above.

## IV. DOCUMENT REQUESTS

REQUEST NO. 1. The documents referred to in your Answers to Interrogatories.

RESPONSE: _____ (sic)

BASIS FOR INSUFFICIENCY OF RESPONSE: Plaintiff failed to respond to Request for Production No. 1 and did not provide any objections or responses whatsoever.

REQUEST NO. 4. All documents received from or provided to any other party to this action or received from any third-party, including fact witnesses, since the filing of the Complaint, whether provided informally or in response to a formal request.

RESPONSE: Objection, overbroad. See responses from Plaintiff's subpoena to the current owner of 12210 Plum Orchard Drive.

BASIS FOR INSUFFICIENCY OF RESPONSE: Plaintiff objects to Request for Production No. 4, but refers to responses from Plaintiff's subpoena to the current owner of 12210 Plum Orchard Drive. Plaintiff should produce all documents responsive to this Request, or confirm that all responsive documents have been produced.

REQUEST NO. 5. All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

RESPONSE: Objection, overbroad.

6

BASIS FOR INSUFFICIENCY OF RESPONSE: In response to Request for Production No. 5, Plaintiff objected to producing documents referred to in the pleadings. Plaintiff has put the documents at issue and has made them relevant and reasonable. Plaintiff's objection to this request is improper. Specifically the pleadings refer to the following documents which Plaintiff is required to produce any and all in his possession, including but not limited to, instructions for use, warnings, packaging, marketing materials, sales records, and labels pertaining to of the alleged products (D.I. 1 Complaint ¶¶ 20 & 22).

REQUEST NO. 15. Any training certificates provided to Plaintiff by any of Plaintiff's employers.

RESPONSE: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses.

BASIS FOR INSUFFICIENCY OF RESPONSE: Request for Production No. 15 seeks training certificates which are relevant as to proper use of chemicals, OSHA standards, and safety procedures in place at Plaintiff's places of employment. Plaintiff only provides objections. This request is relevant and discoverable. Guideline 10 of Appendix A of the Local Rules provides that: "a. A party may objection to an interrogatory, … while simultaneously providing partial or incomplete answers to the request. … b. No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request." Plaintiff must respond, not simply object.

REQUEST NO. 16. Any and all documents from Plaintiff's employers pertaining to Plaintiff's job training, including, but not limited to, safety training.

RESPONSE: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses.

BASIS FOR INSUFFICIENCY OF RESPONSE: Similarly, Request for Production No. 16 seeks documents received from employers relating to training and safety training, which are

relevant as to proper use of chemicals, OSHA standards, and safety procedures in place at Plaintiff's places of employment. Plaintiff only provides objections. This request is relevant and discoverable and should be responded to for the reasons stated above.

REQUEST NO. 17. Any and all documents which support the claim of Plaintiff that the Plaintiff was exposed to Chemical Products, Products and Chemicals that were manufactured, distributed, sold and/or supplied by Defendants.

RESPONSE: See Harris_000001-5.

BASIS FOR INSUFFICIENCY OF RESPONSE: In response to Request for Production No. 17, Plaintiff only produced five pages of public records in support of his allegations that he was exposed to BP's products. None of these documents indicate that the listed chemicals were manufactured, distributed, sold and/or supplied by Defendants. It is Plaintiff's burden to demonstrate exposure and he continues to fail to do so.

REQUESTS NOS. 8, 9, 10, 11, 12, AND 13. Plaintiff has failed to provide legible signed authorizations with which Defendants can independently obtain discoverable material relevant to Plaintiff and his claims. Plaintiff provided an illegible authorization for medical records in response to another defendant's request, and has indicated a legible copy would be provided to defendants, but to date no legible authorization has been produced. BP has offered Plaintiff several medical authorizations to execute but has yet to provide one. Plaintiff's delay prejudices Defendant in its ability to discover relevant records in defense of this matter.

### IV.   LEGAL STANDARD

7.   The Rules relating to discovery are to be accorded "broad and liberal treatment." *Id.* at 507; *see also Dollar v. Long Mfg., Inc.,* 561 F.2d 613, 616 (5th Cir. 1977); *Burns v. Thikol Chemical Corp.,* 483 F.2d 300, 307 (5th Cir. 1973). Courts in the Fourth Circuit likewise stated in *Posey v. Calvert County Bd. of Education,* 2003 WL 21516194 D.Md.,2003. "Relevancy with respect to the discovery standard should be construed very broadly." *See Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va.2000)

8. Under Federal Rule of Civil Procedure 37, when a party fails to produce relevant, non-privileged documents, or respond to interrogatories, the Court may enter an order compelling the production of such documents and responses to interrogatories. Federal Rule of Civil Procedure Rule 37(a)(3)(B)(iii)-(iv) and Rule 37(a)(4) further provides that an incomplete or evasive disclosure "must be treated as a failure to disclose, answer, or respond."

9. Moreover, under Rule 26(b)(2)(C), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issue at stake in the action.

10. Each of BP's interrogatories and document requests seek information directly related to issues and claims that are central to the Plaintiff's allegations and the parties' disputes. These requests are proper and well within the bounds of discovery under the federal rules.

11. Plaintiff refuses to provide full and complete responses and answers to BP's discovery requests. The requests are proportional to the needs of the case, considering the main issues of the case (product identification, product exposure, liability and causation of the alleged disease), and do not cause a burden for Plaintiff. *Victor Stanley, Inc. v. Creative Pipe, Inc.* 269 F.R.D. 497, 523 (D. Md. 2010) ("[A]ll permissible discovery must be measured against the yardstick of proportionality" pursuant to Rules 26(b)(2)(C) and 26(g)(1)(B)(iii), Fed. R. Civ. P.).

## V. CONCLUSION

Defendant respectfully requests that the Court enter an order compelling Plaintiff to fully and completely respond to all of BP's interrogatories and to compel him to produce all documents in his possession responsive to BP's requests within three days of the entry of the proposed order submitted herewith.

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

/s/ *Donald R. Kinsley*
Donald R. Kinsley (MD Bar ID No. 09104)
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
Telephone: (302) 425-5177
Facsimile: (302) 425-0180
drk@maronmarvel.com
Attorney for Defendant
BP Lubricants USA Inc., formerly known as Castrol Industrial North America Inc.

Dated: March 3, 2021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 3rd day of March, 2021, I caused a copy of the foregoing paper to be served electronically on the following persons: Alexander McSwain, Esq. (amcswain@carlsonattorneys.com), S. Reed Morgan, Esq. (rmorgan@carlsonattorneys.com), and Gregory G. Paul, Esq. (gregpaul@morgan-paul.com), Attorneys for Plaintiff; and Andrew Gendron, Esq. (andrew.gendron@lewisbrisbois.com), Attorney for The Dow Chemical Company.

/s/ *Donald R. Kinsley*
Donald R. Kinsley