# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | § | **CASE NO. 8:20-cv-00988-GJH** |
| **PLAINTIFF,** | § | |
| | § | **JUDGE CHASANOW** |
| v. | § | |
| | § | |
| **THE DOW CHEMICAL COMPANY,** | § | |
| **BP LUBRICANTS USA, INC.** | § | |
| **AND JOHN DOES 1-25** | § | |
| **DEFENDANTs.** | § | |

## PLAINTIFF'S AMENDED RESPONSES TO
## DEFENDANT'S REQUESTS FOR PRODUCTION

To: Defendant, BP Lubricants USA, Inc., through its counsel of record, Donald Kinsley, Maron, Marvel, Bradley, Anderson, and Tardy, LLC, 1201 N. Market Street, Ste. 900, Wilmington, DE 19801.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Jeffrey Harris submits this, his Answers to Defendant BP Lubricants USA, Inc.'s Requests for Production.

Dated: March 11, 2021

                                                    Respectfully submitted,

                                                  */s/ Alexander McSwain*
                                                  ATTORNEY
                                                  THE CARLSON LAW FIRM
                                                  Texas State Bar No: 24106292
                                                  100 E. Central Texas Expy
                                                  Killeen, TX 76541
                                                  Telephone: (800) 359-5690
                                                  Facsimile: (254) 526-8204
                                                  E-Mail: amcswain@carlsonattorneys.com

                                                  */s/ S. Reed Morgan*
                                                  ATTORNEY
                                                  THE CARLSON LAW FIRM
                                                  Texas State Bar No: 14452300
                                                  100 E. Central Texas Expy
                                                  Killeen, TX 76541
                                                  Telephone: (800) 359-5690
                                                  Facsimile: (254) 526-8204
                                                  E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*
GREGORY G. PAUL
MD ID Number: 26208
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 11, 2021.

Donald Kinsley
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414
(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company

*/s/ Alexander D. McSwain*
Alexander D. McSwain

1.      The documents referred to in your Answers to Interrogatories.

Response: 4BN1681-Atrium Health's Carolinas Medi;

4C98802-UPMC Memorial Hospital – York;

4CE2411-John's Hopkins Medicine – Reco

4CH7545-UPMC Memorial Hospital – York;

4CY3830-Atrium Health's Carolinas Medi;

4D29748-Atrium Health's Carolinas Medi;

4D46879-UPMC Memorial Hospital – York;

4D98984-The Johns Hopkins Hospital – R

4DB9388-The Johns Hopkins Hospital – R

4DC6430-John's Hopkins Medicine – Bill;

4EJ3947-The John's Hopkins Hospital;

4FE1002-The John's Hopkins Hospital -;

4J11043-John's Hopkins Medicine – Phys.

2.      All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A).

Response: Objection, not required at this time under the Court's scheduling order.

3.      The documents concerning your claim for damages or the methods used to calculate such alleged damages.

Response:  Objection, overbroad, vague and ambiguous by use of the ambigous diction "concerning".  Subject to this, Plaintiff will supplement with authorizations for, or his records from social security. See also Plaintiff's medical records and bills:

4BN1681-Atrium Health's Carolinas Medi;

4C98802-UPMC Memorial Hospital – York;

4CE2411-John's Hopkins Medicine – Reco

4CH7545-UPMC Memorial Hospital – York;

4CY3830-Atrium Health's Carolinas Medi;

4D29748-Atrium Health's Carolinas Medi;

4D46879-UPMC Memorial Hospital – York;

4D98984-The Johns Hopkins Hospital – R

4DB9388-The Johns Hopkins Hospital – R

4DC6430-John's Hopkins Medicine – Bill;

4EJ3947-The John's Hopkins Hospital;

4FE1002-The John's Hopkins Hospital -;

4J11043-John's Hopkins Medicine – Phys.

4. All documents received from or provided to any other party to this action or received from any third-party, including fact witnesses, since the filing of the Complaint, whether provided informally or in response to a formal request.

Response: Objection, overbroad by virtue of the request for such a wide category of potential documents without adherence to the prescription contained in Fed. R. Civ. Pro. 34 to "describe with reasonable particularity" those items requested, and vague and ambiguous such that Plaintiff's counsel is unsure as to what is being requested. By way of further response, see responses from Plaintiff's subpoena to the current owner of 12210 Plum Orchard Drive.

5. All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

Response: None in Plaintiff's possession, custody or control, and equally available to the defendant.

6. Any and all statements from all witnesses and persons with information or knowledge relating to the facts alleged in Plaintiff's Complaint, including any statements from the parties herein or their respective agents.

Response: None in Plaintiff's possession, custody or control.

7. Any and all photographs, photocopies, videotapes, movies or other reproductions in Plaintiff's possession or control depicting in any fashion any warnings, labels, or instructions relating to the Chemical Products or Products.

Response: None in Plaintiff's possession, custody or control.

8. Plaintiff's social security earnings report. In addition, please execute the attached Authorization and Release.

Response: Plaintiff will supplement.

9. Any and all records of the Social Security Administration, including, but not limited to, applications for Social Security benefits, any and all documents with respect to injuries, medical history and physical condition. In addition, please execute the attached Authorization and Release.

Response: Plaintiff will supplement.

10. Any and all documents evidencing, referring or relating to any economic losses and expenses allegedly incurred as a result of Plaintiff's alleged injuries.

Response: See Plaintiff's medical records and bills identified in Response to Request for Production No. 3. Plaintiff will supplement with social security earnings records authorizations.

11. All medical reports, x-rays, records, invoices, receipts, bills, photographs, and any other documents in Plaintiff's possession or control which relate to, concern, or refer to Plaintiff's alleged injuries and treatment therefor. In addition, please execute the attached Authorization and Release of Medical Records.

Response: See Plaintiff's medical records identified in Response to Request for Production No. 3.

12. Any pathology (tissue slides or specimens taken), or alternatively, signed medical authorizations.

Response: Objection, overbroad and not proportional to the needs of the case. By way of further answer, Plaintiff's medical records produced in file "4DB9388-The Johns Hopkins Hospital – R" describe his bone marrow biopsy.

13. All records evidencing, referring, or relating to any workers compensation and disability claims, lawsuits (other than this proceeding), demand for compensation, compromise or settlement concerning any mental or physical injury, condition, or disease ever filed by or on behalf of Plaintiff. In addition, please execute the attached Authorization and Release.

Response: Objection, overbroad by virtue of the request for documents unrelated to the present litigation or the parties' claims or defenses. By way of further answer, Plaintiff will supplement with disability records or authorizations pertinent to the subject action.

14. Any manuals provided to Plaintiff by any of Plaintiff's employers.

Response: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses. None in Plaintiff's possession, custody or control.

15. Any training certificates provided to Plaintiff by any of Plaintiff's employers.

Response: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses.

16. Any and all documents from Plaintiff's employers pertaining to Plaintiff's job training, including, but not limited to, safety training.

Response: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses.

17. Any and all documents which support the claim of Plaintiff that the Plaintiff was exposed to Chemical Products, Products and Chemicals that were manufactured, distributed, sold and/or supplied by Defendants.

Response: See Harris_000001-5.

18.     Any and all documents in Plaintiff's possession, including correspondence, memoranda, notes, etc., in any way related or referring to Defendants or Defendants' Chemical Products or Products.

Response:  See Harris_000001-5.

19.     All material safety data sheets, product specifications, product brochures, and other product data and information for Chemical Products and Products Plaintiff alleges exposure by Plaintiff.

Response: None in Plaintiff's possession, custody or control.

20.     Any and all drawings, diagrams, plot plans, maps, photographs, films, and other documents or materials depicting, in whole or in part, the facilities at which Plaintiff was allegedly exposed to the Chemical Products, Products and Chemicals, and related to the facts of this case.

Response: See the documents produced by the current owner of the facility at which Plaintiff was employed.

21.     All state and federal income tax returns, together with any schedules or attachments thereto, filed by you for the past ten (10) tax years.

Response: Objection, overbroad and not proportional to the needs of the case as 10 years of Plaintiff's tax returns is not relevant to the claims and defenses of the parties considering the expansive and invasive nature of the request.  Moreover, Plaintiff's tax returns are confidential and privileged information not subject to disclosure.  Plaintiff will supplement with federal tax returns for the past 3 years.

22.     All non-privileged correspondence, letters, e-mails, memoranda, notes, or other documents in your possession regarding the facts of this case.

Response:  Objection, overbroad, vague and ambiguous.  By way of further answer, none in Plaintiff's possession, custody or control.

23.     A copy of your discharge certificate and all military records. In addition, please execute the attached Authorization and Release of Military Records.

Response: None in Plaintiff's possession, custody or control.

24.     Copies of all your documents of Veterans Administration benefits. In addition, please execute the attached Authorization and Release of V.A. Benefits Records.

Response: None in Plaintiff's possession, custody or control.

25.     All Documents You intend to offer as evidence at the trial of this Case.

Response: See Harris_000001-5, and documents produced in response to the subpoena to the current owner of the building at which Plaintiff was employed, Plaintiff's medical records and

bills identified in Response to Request for Production No. 3, and Plaintiffs SSA and IRS documents which he will supplement when they come into his possession.