# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | § | **CASE NO. 8:20-cv-00988-GJH** |
| **PLAINTIFF,** | § | |
| | § | **JUDGE CHASANOW** |
| **v.** | § | |
| | § | |
| **THE DOW CHEMICAL COMPANY,** | § | |
| **BP LUBRICANTS USA, INC.** | § | |
| **AND JOHN DOES 1-25** | § | |
| **DEFENDANTs.** | § | |

## PLAINTIFF'S SECOND AMENDED RESPONSES TO
## DEFENDANT'S REQUESTS FOR PRODUCTION

To: Defendant, BP Lubricants USA, Inc., through its counsel of record, Donald Kinsley, Maron, Marvel, Bradley, Anderson, and Tardy, LLC, 1201 N. Market Street, Ste. 900, Wilmington, DE 19801.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Jeffrey Harris submits this, his Answers to Defendant BP Lubricants USA, Inc.'s Requests for Production.

Dated: March 18, 2021

Respectfully submitted,

*/s/ Alexander McSwain*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: amcswain@carlsonattorneys.com

*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*
GREGORY G. PAUL
MD ID Number: 26208
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 18, 2021.


Donald Kinsley
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414
(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company

*/s/ Alexander D. McSwain*
Alexander D. McSwain

1.      The documents referred to in your Answers to Interrogatories.

Response: 4BN1681-Atrium Health's Carolinas Medi;

4C98802-UPMC Memorial Hospital – York;

4CE2411-John's Hopkins Medicine – Reco

4CH7545-UPMC Memorial Hospital – York;

4CY3830-Atrium Health's Carolinas Medi;

4D29748-Atrium Health's Carolinas Medi;

4D46879-UPMC Memorial Hospital – York;

4D98984-The Johns Hopkins Hospital – R

4DB9388-The Johns Hopkins Hospital – R

4DC6430-John's Hopkins Medicine – Bill;

4EJ3947-The John's Hopkins Hospital;

4FE1002-The John's Hopkins Hospital -;

4J11043-John's Hopkins Medicine – Phys.

2.      All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A).

Response: Objection, not required at this time under the Court's scheduling order.

3.      The documents concerning your claim for damages or the methods used to calculate such alleged damages.

Response:  Objection, overbroad, vague and ambiguous by use of the ambigous diction "concerning".  Subject to this, Plaintiff will supplement with authorizations for, or his records from social security. See also Plaintiff's medical records and bills:

4BN1681-Atrium Health's Carolinas Medi;

4C98802-UPMC Memorial Hospital – York;

4CE2411-John's Hopkins Medicine – Reco

4CH7545-UPMC Memorial Hospital – York;

4CY3830-Atrium Health's Carolinas Medi;

4D29748-Atrium Health's Carolinas Medi;

4D46879-UPMC Memorial Hospital – York;

4D98984-The Johns Hopkins Hospital – R

4DB9388-The Johns Hopkins Hospital – R

4DC6430-John's Hopkins Medicine – Bill;

4EJ3947-The John's Hopkins Hospital;

4FE1002-The John's Hopkins Hospital -;

4J11043-John's Hopkins Medicine – Phys.

4.      All documents received from or provided to any other party to this action or received from any third-party, including fact witnesses, since the filing of the Complaint, whether provided informally or in response to a formal request.

Response: Objection, overbroad by virtue of the request for such a wide category of potential documents without adherence to the prescription contained in Fed. R. Civ. Pro. 34 to "describe with reasonable particularity" those items requested, and vague and ambiguous such that Plaintiff's counsel is unsure as to what is being requested.  By way of further response, see responses from Plaintiff's subpoena to the current owner of 12210 Plum Orchard Drive.

5.      All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

Response: None in Plaintiff's possession, custody or control, and equally available to the defendant.

6.      Any and all statements from all witnesses and persons with information or knowledge relating to the facts alleged in Plaintiff's Complaint, including any statements from the parties herein or their respective agents.

Response: None in Plaintiff's possession, custody or control.

7.      Any and all photographs, photocopies, videotapes, movies or other reproductions in Plaintiff's possession or control depicting in any fashion any warnings, labels, or instructions relating to the Chemical Products or Products.

Response: None in Plaintiff's possession, custody or control.

8.      Plaintiff's social security earnings report.  In addition, please execute the attached Authorization and Release.

Response:  Plaintiff will supplement.

9.      Any and all records of the Social Security Administration, including, but not limited to, applications for Social Security benefits, any and all documents with respect to injuries, medical history and physical condition. In addition, please execute the attached Authorization and Release.

Response:  Plaintiff will supplement.

10.     Any and all documents evidencing, referring or relating to any economic losses and expenses allegedly incurred as a result of Plaintiff's alleged injuries.

Response:  See Plaintiff's medical records and bills identified in Response to Request for Production No. 3.  Plaintiff will supplement with social security earnings records authorizations.

11.     All medical reports, x-rays, records, invoices, receipts, bills, photographs, and any other documents in Plaintiff's possession or control which relate to, concern, or refer to Plaintiff's alleged injuries and treatment therefor. In addition, please execute the attached Authorization and Release of Medical Records.

Response: See Plaintiff's medical records identified in Response to Request for Production No. 3.

12.     Any pathology (tissue slides or specimens taken), or alternatively, signed medical authorizations.

Response:  Objection, overbroad and not proportional to the needs of the case.  By way of further answer, Plaintiff's medical records produced in file "4DB9388-The Johns Hopkins Hospital – R" describe his bone marrow biopsy.

13.     All records evidencing, referring, or relating to any workers compensation and disability claims, lawsuits (other than this proceeding), demand for compensation, compromise or settlement concerning any mental or physical injury, condition, or disease ever filed by or on behalf of Plaintiff. In addition, please execute the attached Authorization and Release.

Response: Objection, overbroad by virtue of the request for documents unrelated to the present litigation or the parties' claims or defenses. By way of further answer, Plaintiff will supplement with disability records or authorizations pertinent to the subject action.

14.     Any manuals provided to Plaintiff by any of Plaintiff's employers.

Response: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses. None in Plaintiff's possession, custody or control.

15.     Any training certificates provided to Plaintiff by any of Plaintiff's employers.

Response:  Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses. By way of further response, none in Plaintiff's possession, custody, or control.

16.     Any and all documents from Plaintiff's employers pertaining to Plaintiff's job training, including, but not limited to, safety training.

Response: Objection, overbroad, and not proportional to the needs of the case, nor relevant to the parties' claims or defenses. By way of further response, none in Plaintiff's possession, custody, or control.

17.     Any and all documents which support the claim of Plaintiff that the Plaintiff was exposed to Chemical Products, Products and Chemicals that were manufactured, distributed, sold and/or supplied by Defendants.

Response: See Harris_000001-5.

18.     Any and all documents in Plaintiff's possession, including correspondence, memoranda, notes, etc., in any way related or referring to Defendants or Defendants' Chemical Products or Products.

Response:  See Harris_000001-5.

19.     All material safety data sheets, product specifications, product brochures, and other product data and information for Chemical Products and Products Plaintiff alleges exposure by Plaintiff.

Response: None in Plaintiff's possession, custody or control.

20.     Any and all drawings, diagrams, plot plans, maps, photographs, films, and other documents or materials depicting, in whole or in part, the facilities at which Plaintiff was allegedly exposed to the Chemical Products, Products and Chemicals, and related to the facts of this case.

Response: See the documents produced by the current owner of the facility at which Plaintiff was employed.

21.     All state and federal income tax returns, together with any schedules or attachments thereto, filed by you for the past ten (10) tax years.

Response: Objection, overbroad and not proportional to the needs of the case as 10 years of Plaintiff's tax returns is not relevant to the claims and defenses of the parties considering the expansive and invasive nature of the request.  Moreover, Plaintiff's tax returns are confidential and privileged information not subject to disclosure.  Plaintiff will supplement with federal tax returns for the past 3 years.

22.     All non-privileged correspondence, letters, e-mails, memoranda, notes, or other documents in your possession regarding the facts of this case.

Response:  Objection, overbroad, vague and ambiguous.  By way of further answer, none in Plaintiff's possession, custody or control.

23.     A copy of your discharge certificate and all military records. In addition, please execute the attached Authorization and Release of Military Records.

Response: None in Plaintiff's possession, custody or control.

24.     Copies of all your documents of Veterans Administration benefits. In addition, please execute the attached Authorization and Release of V.A. Benefits Records.

Response: None in Plaintiff's possession, custody or control.

25.     All Documents You intend to offer as evidence at the trial of this Case.

Response: See Harris_000001-5, and documents produced in response to the subpoena to the current owner of the building at which Plaintiff was employed, Plaintiff's medical records and bills identified in Response to Request for Production No. 3, and Plaintiffs SSA and IRS documents which he will supplement when they come into his possession.

| JEFFREY HARRIS, | § | CASE NO. 8:20-cv-00988-GJH |
| PLAINTIFF, | § | |
| | § | JUDGE CHASANOW |
| v. | § | |
| | § | |
| THE DOW CHEMICAL COMPANY, | § | |
| BP LUBRICANTS USA, INC. | § | |
| AND JOHN DOES 1-25 | § | |
| DEFENDANTs. | § | |

### PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT
### BP LUBRICANT'S INTERROGATORIES

To: Defendant, BP Lubricants USA, Inc., through its counsel of record, Donald Kinsley, Maron, Marvel, Bradley, Anderson, and Tardy, LLC, 1201 N. Market Street, Ste. 900, Wilmington, DE 19801.

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 33, Plaintiff, JEFFREY HARRIS, submits this, his

Answers Defendant BP Lubricants USA, Inc.'s Interrogatories.

Respectfully submitted,

*/s/ Alexander McSwain*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: amcswain@carlsonattorneys.com

*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*

GREGORY G. PAUL
MD ID Number: 26208
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 18, 2021.


Donald Kinsley
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414
(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company

*/s/ Alexander D. McSwain*
Alexander D. McSwain

# ANSWERS TO INTERROGATORIES

1.  State:
    (a)    Plaintiff's full name;
    (b)    Any other name or names used by Plaintiff at any time;
    (c)    Date and place of Plaintiff's birth;
    (d)    Plaintiff's Social Security number.

Answer: (a)-(d). Objection, Plaintiff's social security number is not relevant to the parties' claims or defenses and is protected private information not subject to disclosures. By way of further answer, Jeffrey Neal Harris, born November 29, 1955, in Montgomery, Alabama.. Plaintiff goes by "Jeff", but does not use any other aliases.

2.  State every address at which Plaintiff ever lived, setting forth the dates during which he resided at each address and the identity of each person with whom he resided at each such address and the dates each such person resided with him at each such address.

Answer:  Objection, overbroad, not relevant to parties' claims or defenses, and not proportional to the needs of the case.  Furthermore, Plaintiff object to the inclusion of multiple discrete subparts of this interrogatory into one numbered interrogatory in contravention of Federal Rule of Civil Procedure 33.  By way of further answer, Plaintiff's residence is Havertown, PA, in the past 5-6 years, he was a resident of Huntersville, NC, and before that, Shrewsbury, PA.

3.  State whether You were or are a party to any civil lawsuits similar to this Case, civil lawsuits in which You have testified, or criminal proceedings in the past 30 years which resulted in a felony conviction. If so, include the following information about the civil or criminal lawsuit:
    (a)    Identify the court in which it was filed;
    (b)    State the year in which the lawsuit was filed;
    (c)    State the title and docket number of the lawsuit;
    (d)    Describe the nature of the claims and defenses and the role You had in the suit; and
    (e)    Describe the outcome of the proceeding.

Answer: Objection, overbroad, and not proportional to the needs of the case, vague and ambiguous as to "similar", moreover Interrogatory No. 3 contains subparts which are in themselves a discrete interrogatory. By way of further answer, none. By way of further answer, Plaintiff has not been a party to a civil lawsuit, but has been party to divorce proceedings in or around Springfield VA, which was finalized in June or July 1991, to his recollection.  Plaintiff has never been the subject of criminal arrest or charges.

4.  Describe with specificity Your current employment, occupation or profession, or if retired or currently unemployed, Describe Your prior employment, including, but not limited to, the following information:
    (a)    Identify Your employer;
    (b)    Identify Your immediate supervisor;
    (c)    Describe Your job title and responsibilities;
    (d)    State the exact Dates of Your employment;

(e)     State your rate of pay and annual income, including any bonuses and other financial benefits of Your employment;

(f)     The average number of hours You worked per week during Your employment with each employer;

(g)     Describe the location of Your place of work; and

(h)     For each employer, identify (by type, brand name, and manufacturer) any chemicals, solvents, and/or products to which Your were exposed; and

(i)     Describe the reason(s) for leaving Your employment, if You are retired or currently unemployed.

Answer:  Objection, "including but not limited to", overbroad and not a discrete interrogatory, By way of further answer, Plaintiff is on long-term disability, through his employer, Polytech Industrial, Huntsville, NC. His job there was VP of Operations, where managed day to day of business of a CNC contract machining facility. His immediate supervisor was Dan Cedrone. He started March 2014 under an affiliated subsidiary, and last earned about $135,000/year. Nominally his position required 40 hours a week but in actuality 50-60 hours.  He was not exposed to hazardous chemicals there, where they only used water-based solvents.


5.     Did Plaintiff ever file a worker's compensation claim or a claim for disability benefits or receive worker's compensation or other disability benefits for the injuries or diseases claimed in this lawsuit or for any other injuries or diseases for which a claim is not being made in the instant suit? If so, for each such claim state by whom paid, when paid, the amounts paid, the nature of the injury, disease and/or disability, the date of accident or the date on which the disability began and set forth the period of time for which benefits were received.

Answer: No.

6.     State whether Plaintiff has ever filed any other suit or made a claim for any of the alleged injuries or diseases at issue in this case. For each suit or claim state:

(a)     The date each suit or claim was filed;

(b)     The identity of each person or tribunal before whom the claim was made, e.g., court, workers' compensation board, arbitration tribunal, etc.;

(c)     The caption, case or claim number, if any, or other designation through which the suit or claim(s) can be identified.

Answer: Objection, asked and answered. None.

7.     State the full names of Plaintiff's grandparents, parents, and siblings. If any of the aforementioned individuals are deceased, for each give the dates of death, places of death, location of last hospitalization and cause of death.

Answer:  Objection, overbroad, and not relevant to any parties' claims or defenses.

8.    State whether any member of Plaintiff's family, i.e., grandparents, parents, siblings and children, was ever diagnosed as having any type of blood, bone marrow, or blood- related disorder or disease or any type of cancer. If so, state:

    (a)    The name, address, and relationship of each individual;

    (b)    The date of each such diagnosis;

    (c)    A detailed description of each such ailment including type of disease, diagnosis, cause, and treatment;

    (d)    Diagnosing and treating physician; and

    (e)    The identity of all hospitals and medical care facilities at which each was examined or treated for each such condition.

Answer:  Objection, overbroad, and not relevant to any parties' claims or defenses. By way of further answer, Plaintiff has no family history of cancer to his knowledge.

9.    Identify the manufacturers and/or suppliers of the Chemical Products or Products, benzene, toluene, trichloroethylene, or trichloroethane products to which Plaintiff alleges exposure.

Answer:

Plaintiff recalls Dow & Castrol both supplied all four of the products, and knows this because of Dow & Castrol distinctive logos on the barrels.

10.    Set forth for each Chemical Product or Product the facts upon which Plaintiff rely to support his claim that each Chemical Product or Product was defective or unsafe.

Answer:

There were no warnings regarding developing leukemia, or other diseases capable of killing him.

11.    For each Chemical Product or Product, identify each injury, illness and disease which Plaintiff claims was caused or contributed to by his exposure thereto.

Answer:  For all chemicals, multiple myeloma, and medically induced diabetes.

12.    With respect to any co-workers of Plaintiff whom Plaintiff believes were or may have been exposed to any of the Chemical Products or Products during the period of Plaintiff's employment, state:

    (a)    the name and address of each such co-worker;

    (b)    the identity of each Chemical Product or Product to which each was or may have been exposed, stating the date, time, duration, type and amount of each exposure to each Product;

    (c)    any and all disorders, injuries, illnesses, conditions or diseases suffered or incurred by each co-worker, including the specific parts of the body affected presumably as a result of exposure to said products; and

    (d)    the identity of each person who has custody of all documents, records and reports relating to the monitoring, diagnosis, testing and treatment of each co-worker.

Answer: Objection, overbroad. By way of further answer Plaintiff's co-workers Tim McClanahan, address unknown, (t) , and, Edo Tenalia address unknown, may have been similarly exposed to the same chemicals, benzene, toluene, TCE, and TCA. He has no knowledge of other exposure induced diseases in any former co-worker.

13. State the date Plaintiff noticed or first experienced symptoms related to each injury, illness or disease which he claims was caused or contributed to by his exposure to the Chemical Products or Products, and identify all such symptoms and the date on which and manner in which Plaintiff first learned:
    (a) That each injury, illness or disease at issue in this action was occupationally related; and
    (b) Of the alleged association between his condition(s) and his alleged exposure to the Chemical Product or Products, setting forth the manner in which he so learned of such association and from whom he so learned.

Answer: Objection, argumentative and assumes facts not in evidence, and not relevant to the parties claims and defenses as to the discovery of how or from whom he learned of the association between his diagnosis to chemical exposure as Plaintiff's claim was filed prior to the commencing of the statute of limitations under the discovery rule applicable under Maryland law. By way of further answer, Plaintiff recalls that he may have been diagnosed the first week of May 2017, diagnosed with multiple myeloma, and felt ill before that. However, no doctor has ever stated that he had chemically induced myeloma, to his recollection and Plaintiff never learned of the connection between his diagnosis and his previous use of chemicals until about September 2017.

14. State the date on which any doctor or other health care professional Plaintiff has a basis for believing first came to the conclusion that each condition at issue herein was related in any manner to the Chemical Products or Products, the basis for such belief, set forth the date and substance of all communications and the parties thereto supporting such belief and identity all documents evidencing, referring or relating to such belief, conclusion and communications.

Answer: Objection, assumes facts not in evidence.

15. Provide the name and last known address of each of Plaintiff's physicians and/or health care provider during his lifetime, and state whether each, to Plaintiff's knowledge, information and belief, is in current practice, and provide each type of practice or specialty.

Answer: Objection, overbroad, and not relevant to the parties' claims or defenses, nor proportional to the needs of the case. By way of further answer, equally available through review of Plaintiff's medical records.

16. Was any diagnosis or prognosis made by any health care provider, medical practitioner, company doctor or any institution regarding the injuries Plaintiff allegedly sustained as a result of his alleged exposures to the Chemical Products?

Answer: Objection, vague and ambiguous as to what is being asked in regard to his exposure. By way of further answer, Plaintiff's doctors diagnosed him with multiple myeloma, and medically induced diabetes.

17. If the Answer to the preceding Interrogatory is in the affirmative, state:
    (a) Each diagnosis and/or prognosis made;
    (b) The date each was made; and
    (c) The name and address of each health care provider, medical practitioner, company doctor or institution making each diagnosis and/or prognosis.

Answer: Objection, equally available through review of Plaintiff's medical records.

18. State whether Plaintiff has ever been hospitalized, whether as an in-patient or an out-patient, for an injury, illness, condition, or disease other than the one at issue in this case and, if so, supply the following for each such hospitalization:
    (a) The identity of each hospital and dates of admission;
    (b) For each admission, the identity of the health care providers and/or physicians who admitted and who attended to Plaintiff and whether such physicians are living or deceased;
    (c) The reason(s) for each hospitalization, including all symptoms, signs, disorders, injuries, and diseases; and
    (d) For each hospitalization, the date, nature, extent, and results of any and all diagnostic tests and other examinations.

Answer: Objection, not relevant to the parties claims or defenses.

19. For each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefore.

Answer: Objection, the time for expert disclosures has been set forth by the Court in its Scheduling Order.

20. Set forth a detailed summary of Plaintiff's history of tobacco usage, stating:
    (a) Whether he smoked cigarettes, cigars, or a pipe and/or used chewing tobacco and, if so, what type of tobacco products he used and whether he inhaled the smoke from such tobacco products;
    (b) The dates of usage of tobacco products by Plaintiff, including when he started and stopped using each of the items set forth above;
    (c) How many times he would smoke or use chewing tobacco per day and per week on average; and
    (d) For each year in which he smoked or used chewing tobacco, identify the amount of cigarettes, cigars, pipefuls or chewing tobacco smoked or otherwise consumed per day and per week and state whether, for any cigarettes, they were filtered or unfiltered.

Answer: Plaintiff has never smoked.

21. Were you ever a member of a union? If the answer is "yes", please state the following: the name and address of the union, including that of the local; and whether you were an officer,

director, or business agent of the union. If the answer is "yes", identify the position held and the date each such position was held.

Answer: Objection, overbroad, and not relevant to parties' claims or defenses. By way of further answer, Plaintiff was not a member of a union at the time of his employment with ADA Corporation, however was a Teamster with Roadway for 3-4 months.

22.    Did you ever serve in the military service? If the answer is "yes", please identify the branch you served in, the dates of service, the position held, and the duties you performed with respect to each position; any vessels you served aboard; and your duties while aboard the respective vessels.

Answer: No.

23.    Itemize and show how you calculate any damages claimed by you in this action, whether economic, non-economic, punitive or other.

Answer: Objection, calls for expert opinion, or is the province of the jury to determine.

24.    Identify each and every Person You expect to call as a fact witness at the trial in this Case, and, as to each such Person, set forth in detail the subject matter about which the Person is expected to testify.

Answer: Objection, vague and ambiguous as to use of the command to "set forth in detail" as to "set forth in detail" is open to multiple interpretations.

Plaintiff's investigation is ongoing, and reserves the right to supplement this interrogatory answer as new information becomes known to him.

By way of further answer, and without waiving the aforesaid objections, Plaintiff *may* call at trial the following witnesses:

a.  Plaintiff, Jeffrey Harris; knowledge of his injuries, the operations and use of chemicals causing his cancer at ADA Corporation, and monetary damages;
b.  Plaintiff's wife, Amy Harris, knowledge of Plaintiff's injury and loss of enjoyment of life, and monetary damages;
c.  Henry Nibbe; knowledge of operations at ADA Corporation;
d.  Tom McClanahan, knowledge of operations at ADA Corporation;
e.  Edo Tenaglia, knowledge of operations at ADA Corporation;
f.  Eugene Alan "Al" Cameron, knowledge of operations at ADA Corporation;
g.  Any treating physician of Plaintiffs, knowledge of Plaintiff's illness, treatment, and prognosis;

25.    Identify all Documents You intend to offer as evidence at the trial of this Case.

Answer: Objection, overlimit.