# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY HARRIS,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No. 8:20-cv-00988-GJH |
| **THE DOW CHEMICAL COMPANY,** | * | |
| *et al.*, | | |
| **Defendants.** | * | |

## RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

COMES NOW, Plaintiff, Jeffrey Harris, who submits this, his Response and Opposition to Defendant BP's Motion to Compel, and also Plaintiff incorporates by reference his Amended Answers to Interrogatories and Amended Responses to Requests for Production.

**Interrogatories**

Plaintiff's Answer to Interrogatory No. 2 is proper. Defendant's Interrogatory requests Plaintiff's address at which he has "ever lived" this is overbroad on its face and not reasonably calculated to lead to the discovery of relevant information or documents, but is simply a fishing expedition. Moreover, the address at which Plaintiff has ever lived during his lifetime is not relevant to any claim or defense by any of the parties, and defendant has failed to demonstrate or even argue on any basis that it is except to complain that plaintiff "refuses to provide information regarding his personal history" which is not only untrue, but not an applicable legal standard of discovery under the Federal Rules of Civil Procedure.

Plaintiff will amend and supplement his answer to Interrogatory No. 5.

Plaintiff's Answer to Interrogatory No. 7. is proper. Plaintiff's family's names and circumstances of their death are not relevant to any parties claim or defense. Plaintiff has answered in response to Defendant's Interrogatory No. 8 that he has no family history of cancer to his knowledge. That is a sufficient response to any inquiry into family history of cancer. Defendant's insistence on pursuing discovery on this theory of defense is similarly a fishing expedition without merit.

Plaintiff's Answer to Interrogatory No. 13 objecting as to assumption of facts not in evidence is proper because the question assumes that Plaintiff understood his symptoms prior to diagnosis to be related to his eventual diagnosis of multiple myeloma. Moreover, Defendant's Interrogatory seeking information particularly as to the manner and person from whom he learned of the causal connection of his diagnosis to chemical exposure is not relevant to the parties claim or defenses, nor proportional to the needs of the case.

Plaintiff's Answer to Interrogatory No. 14 is proper because Defendant asked of the circumstances regarding the Plaintiff's physician's conclusion as to the relatedness of chemical exposure to Plaintiff's condition. However, Plaintiff responded in his Answer to Interrogatory No. 13 that this has never been communicated to him by his doctor(s).

Plaintiff's Answer to Interrogatory No. 15 is proper. Defendant's request for the medical providers in Plaintiff's entire life is not relevant to the parties claims or defenses and outside of the scope of discovery, the relevant medical records have been provided and Defendant may identify his multitude of physician, nurses, and nurse practitioners through a review of them.

Plaintiff's Answer to Interrogatory No. 24. is proper. Moreover, Plaintiff is not required to answer because an opposing party cannot be asked to identify the witnesses it intends to call at trial, and the identity of trial witnesses must be disclosed in a pretrial disclosure. See *D'Onofrio v. SFX Sports Grp.*, 247 F.R.D. 43, 53-54 (D.D.C.208), *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D.Kan.1998) (interrogatory requesting list of all witnesses and substance of their testimony held to be unduly burdensome because it did not seek material facts about case or contentions of party, but rather sought counsel's decisions about trial strategy); *Kedzior v. Talman Home Federal Sav. & Loan Ass'n of Illinois*, No. 89 C 4188, 1990 WL 70855, at *6–7 (N.D.Ill. May 10, 1990) (denying plaintiff's motion to compel responses to interrogatories seeking identities of defendant's trial witnesses and expected testimony of witnesses on the grounds that requiring party to disclose such information during discovery before full evaluation of trial strategy was unreasonable); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 58 (D.N.J.1985) (holding that interrogatories that sought the identification of trial witnesses were "premature and need not be answered").

**Requests for Production**

See Plaintiff's Amended Response to Request No. 4

See Plaintiff's Amended Response to Request No. 5.

See Plaintiff's Amended Response to Request No. 15 & 16. Plaintiff's objection is proper considering the expansive nature of Defendant's request which seeks documents outside the scope of discovery which are not related to the relevant subject matter of the litigation, this is obvious on the face of the request "any training certificates provided to Plaintiff by any of Plaintiff's employers" could include training documents as to a subject matter that has no bearing on any part of this lawsuit.

Plaintiff's Response to Request No. 17 is proper, if it is Defendant's contention that the documents Plaintiff has identified as response are not responsive to the request for documents that "support the claim of Plaintiff", then that is a legal argument that is at issue, not a discovery dispute.

Dated: March 18, 2021

Respectfully submitted,

*/s/ Alexander McSwain*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: amcswain@carlsonattorneys.com

*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*
GREGORY G. PAUL
MD ID Number: 26208
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com
ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 18, 2021.

Donald Kinsley
1201 N. Market Street, Suite 900

P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414
(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company

                                                */s/ Alexander D. McSwain*
                                                Alexander D. McSwain