**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEFFREY HARRIS, | § | CASE NO.  8:20-cv-00988-GJH |
| PLAINTIFF, | § | |
| | § | JUDGE CHASANOW |
| v. | § | |
| | § | |
| THE DOW CHEMICAL COMPANY, | § | |
| BP LUBRICANTS USA, INC. | § | |
| AND JOHN DOES 1-25 | § | |
| DEFENDANTs. | § | |

**PLAINTIFF'S AMENDED RESPONSES TO**
**DEFENDANT'S REQUESTS FOR PRODUCTION**

To: Defendant, The Dow Chemical Company, through its attorney, Andrew Gendron, Lewis Brisbois Bisgaard & Smith LP, 100 Light Street, Suite 1300, Baltimore, Maryland 21202.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, Jeffrey Harris submits this, his Responses to Defendant the Dow Chemical Company's Requests for Production.

Dated: March 11, 2021

Respectfully submitted,

*/s/ Alexander McSwain*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 24106292
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: amcswain@carlsonattorneys.com

*/s/ S. Reed Morgan*
ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail: rmorgan@carlsonattorneys.com

*/s/ Gregory G. Paul*
GREGORY G. PAUL

1

MD ID Number: 26208
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record via email on March 11, 2021.


Donald Kinsley
1201 N. Market Street, Suite 900
P.O. Box 288
Wilmington, DE 19899
(t) 302.425.5177
(f) 302.425.0180
drk@maronmarvel.com
Attorney for Defendant BP Lubricants USA, Inc.

Andrew Gendron
Lewis Brisbois Bisgaard & Smith LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
(t) 410.525.6414
(f) 410.779.3910
Andrew.gendron@lewisbribois.com
Attorney for Defendant The Dow Chemical Company


                                        /s/ Alexander D. McSwain
                                        Alexander D. McSwain

RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO. 1: All documents that identify the manner, extent, and/or duration of your alleged exposure to Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC while working at any plant, facility, or other work site, including but not limited to ADA.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 2: All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) that were previously made by TDCC and any of its present or former directors, officers, employees, or representatives concerning this action or its subject matter (Standard Request No. 2).

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 3: The documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) that relate to, describe, summarize, or memorialize any communication between You and TDCC, or anyone known or believed by You to have been acting under the authority of TDCC, concerning the occurrence (Standard Request No. 3).

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 4: All documents relating to the working conditions at any plant, facility, or other work site, including but not limited to ADA, where you were allegedly exposed to Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC.

RESPONSE:

See documents produced in response to Plaintiff's subpoena to 12210 Plum O, LLC regarding the building which Plaintiff worked at.

REQUEST NO. 5: All documents relating to air concentration of Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC to which you claim you were exposed in any area of any plant, facility, or other work site where you worked, including but not limited to ADA.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 6: All documents, including but not limited to contracts, agreements, invoices, purchase orders, bills of lading, shipping labels, shipping records, receipts, packaging, product labels, safety data sheets (formerly known as material safety data sheets), sales literature, advertising, promotional material, technical literature, warnings, marketing records, NIOSH or OSHA documents, product information, internal memoranda, internal reports, minutes of

3

meetings, or other documents concerning the purchase or use of TDCC Chemical Product(s) at ADA.

RESPONSE:

See Harris_0001.

REQUEST NO. 7: All documents that refer to or reflect measurements, tests, or test results performed to determine levels of Chemical Products allegedly manufactured, marketed, distributed, and/or sold by TDCC to which you were allegedly exposed, contained in the ambient air, in the soil, and/or on hard surfaces at any plant, facility, or other work site where you worked, including but not limited to ADA.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 8: All documents that relate in any way to your work at ADA.

RESPONSE:  Objection, this request is overbroad because the request for documents that "relate in any way" is so categorically expansive that it is not reasonably articulated to a claim or defense of any party and is overbroad on its face. By way of further answer, See Harris_0001-5 and documents produced in response to Plaintiff's subpoena to 12210 Plum O, LLC regarding the building which Plaintiff worked at.

REQUEST NO. 9: All documents concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the occurrence which is the subject matter of this lawsuit has been limited, reduced, or released in any manner. This request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation (Standard Request No. 7).

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 10: Any and all documents that depict any premises, facility, or other work site at which you contend you were exposed to any Chemical Products manufactured, marketed, distributed, and/or sold by TDCC

RESPONSE:

See documents produced in response to Plaintiff's subpoena to 12210 Plum O, LLC regarding the building which Plaintiff worked at.

REQUEST NO. 11: Copies of all documents that support Your contention that any Chemical Products manufactured, marketed, distributed, and/or sold by TDCC, and to which You were allegedly exposed, caused or contributed to Your multiple myeloma or any other injury or illness forming the basis of this lawsuit. In responding to this request, please include all documents identifying or evidencing the time, place, manner, extent, frequency, or duration of Your alleged exposure.

RESPONSE:

See Plaintiff's documents, filenames produced as the following:

4BN1681-Atrium Health's Carolinas Medi;

4C98802-UPMC Memorial Hospital – York;

4CE2411-John's Hopkins Medicine – Reco

4CH7545-UPMC Memorial Hospital – York;

4CY3830-Atrium Health's Carolinas Medi;

4D29748-Atrium Health's Carolinas Medi;

4D46879-UPMC Memorial Hospital – York;

4D98984-The Johns Hopkins Hospital – R

4DB9388-The Johns Hopkins Hospital – R

4DC6430-John's Hopkins Medicine – Bill;

4EJ3947-The John's Hopkins Hospital;

4FE1002-The John's Hopkins Hospital -;

4J11043-John's Hopkins Medicine – Phys;

Detailed Facility Report _ ECHO _ US EPA;

RCRAInfo Search Results _ Envirofacts _ US EPA;

RCRAInfo Search Results _.

REQUEST NO. 12: All documents concerning Your consultations with health care providers or the care and treatment provided to You by the health care providers or health care facilities identified in Your Answer to Interrogatory No. 21. (To assist in the collection of these records, a medical records authorization to be executed by You and returned to counsel for TDCC is enclosed herewith.)

RESPONSE:

See Plaintiff's medical records, filenames produced as the following:

4BN1681-Atrium Health's Carolinas Medi;

4C98802-UPMC Memorial Hospital – York;

4CE2411-John's Hopkins Medicine – Reco

4CH7545-UPMC Memorial Hospital – York;

4CY3830-Atrium Health's Carolinas Medi;

4D29748-Atrium Health's Carolinas Medi;

4D46879-UPMC Memorial Hospital – York;

4D98984-The Johns Hopkins Hospital – R

4DB9388-The Johns Hopkins Hospital – R

4DC6430-John's Hopkins Medicine – Bill;

4EJ3947-The John's Hopkins Hospital;

4FE1002-The John's Hopkins Hospital -;

4J11043-John's Hopkins Medicine - Phys.

REQUEST NO. 13: All documents that you reviewed to assist in the identification of any Chemical Products to which You contend You were exposed.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 14: All documents, including notes, created by You in connection with Your workplace safety training, including training mandated by OSHA or Maryland Occupational Safety and Health – Division of Labor and Industry.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 15: All documents concerning Your exposure to Chemical Products while an employee of ADA.

RESPONSE:

See Harris_0001-5.

REQUEST NO. 16: All documents evidencing, reflecting, or relating in any way to industrial hygiene inspections, surveys, studies, or any other safety inspections, surveys or studies of ADA, including documents concerning air concentrations of any Chemical Products.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 17: All documents relating to any investigation, study, or report by any state, federal or private institution, organization, or individual regarding ADA.

RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 18: Samples of the TDCC Chemical Products to which You were allegedly exposed at ADA and that You contend contributed to or caused Your alleged injuries and damages.

 RESPONSE:

None in Plaintiff's possession, custody, or control.

REQUEST NO. 19: Each article, treatise, study, survey, or other authority upon which You or Your expert witnesses may rely to show that Your alleged exposure to Chemical Products manufactured, marketed, distributed, and/or sold by Defendants contributed to or caused your multiple myeloma or any other injury or illness forming the basis of this lawsuit.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 20: All documents concerning when You first became aware that Your alleged exposure to Chemical Products caused You any injury or disease.

RESPONSE:  Objection, attorney-client privilege.

| Privilege Log | | | |
|---|---|---|---|
| Type of Document | Subject Matter | Date | Author, Recipient, Custodian |
| Client-Attorney Communication | Client's Injury | Undated | Plaintiff, The Carlson Law Firm, The Carlson Law Firm |

REQUEST NO. 21: All documents that You contend identify chemicals and/or products that are safer alternatives to the Chemical Products to which you were allegedly exposed.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 22: All notebooks, notes, journals, diaries, log books, videos (including day-in-the-life videos), or other documents created by or for You concerning the occurrence, Your alleged injuries or damages, or Your medical care, treatment, or consultations allegedly resulting from Your alleged exposure to TDCC Chemical Products.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 23: All documents concerning Your pre-employment physical examinations conducted at any time from 1990 to the present.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 24: If You were ever a member of a union, all documents concerning Your union membership or participation, including, but not limited to documents that You received from such union(s) concerning workplace safety or any actual or potential health consequences of Your work.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 25: If You are claiming a diminution of income as a result of Your alleged exposure to a TDCC Chemical Product, Your complete state and federal tax returns (including supporting forms and schedules) for the period from five full calendar years preceding Your first alleged loss of income to the present.

 RESPONSE:  Objection, overbroad by virtue of a request for "complete state and federal tax returns (including supporting forms and schedules)" which is much greater information than is relevant to claims and defenses at stake in the litigation. By way of further answer, Plaintiff will supplement.

REQUEST NO. 26: All documents that concern Your receipt of payment for disability from any source, including but not limited to documents that identify the source or amount of payment, or the basis for each such payment.

RESPONSE:  Objection, overbroad by virtue of the request for "all documents that concern" and "including but not limited to" which is not proportional to the needs of the case considering the claims and defenses at issue.  Plaintiff will supplement with records regarding his payments for disability that are related to the parties claims and defenses.

REQUEST NO. 27: Current curricula vitae for each expert witness identified by You under Fed. R. Civ. P. 26(a)(2)(A) or in answer to TDCC's Interrogatory No. 20.

RESPONSE: Plaintiff will supplement.

REQUEST NO. 28: To the extent not produced in response to any other request, all documents that evidence Your alleged exposure to any Chemical Product manufactured, marketed, distributed, and/or sold by TDCC.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 29: To the extent not produced in response to any other request, all documents that evidence Your claimed injuries or damages due to Your alleged exposure to any Chemical Product manufactured, marketed, distributed, and/or sold by TDCC.

RESPONSE: None in Plaintiff's possession, custody, or control.

REQUEST NO. 30: To the extent not produced in response to any other request, all documents that evidence that Your alleged exposure to any Chemical Product manufactured, marketed, distributed, and/or sold by TDCC caused Your claimed injuries or damages, including all articles, treatises, studies, surveys, or other authorities on which each witness identified by You under Fed. R. Civ. P. 26(a)(2)(A) or in answer to TDCC's Interrogatory No. 20 relies.

RESPONSE: Plaintiff will supplement.